# John Chingola v. Penn Iron and Steel Company, Defendant, and Aetna Life Insurance Company, Appellants.

*Workmen's Compensation Law—Loss of fingers—Loss of phalange—Right to compensation.*

The Workmen's Compensation Law provides that the loss of more than one phalange of a thumb or finger shall be considered equivalent to the loss of the entire thumb or finger.

Where a claimant lost the entire first phalange of a finger and one-half of the second phalange he is entitled to compensation for the loss of the whole finger.

The Workmen's Compensation Law must be interpreted with fair liberality to the end of securing benefits which it was intended to accomplish. The loss of the first phalange and one-half of the second is the substantial loss of more than one phalange. The finger is necessarily shortened and there is a greater diminution of gripping power than in the case where only the first phalange is lost, and the claimant is entitled to compensation accordingly.

Argued April 22, 1925. Appeal No. 183, April T., 1925, by defendants from judgment of C. P. Allegheny County, October T., 1924, No. 896, in the case of John Chingola, claimant, v. Penn Iron and Steel Company, Defendant, and Aetna Life Insurance Company, Insurance Carrier, Appellant. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Appeal from Workmen's Compensation Board. Before SHAFER, P. J., REED and ROWAND, JJ.

The facts are stated in the following opinion by SHAFER, P. J.:

The plaintiff, while in the employ of the defendant, suffered by accident the loss of the first phalange and about one-half of the middle phalange of the index finger of his right hand. The Workmen's Compensation Board allowed him compensation for the loss of the index finger, from which order the employer has appealed.

It is admitted that the matter is governed by the first section of the Act of March 29, 1923, which provided for the compensation to be allowed for the loss of various parts of the body including the fingers and parts thereof, and after setting out the compensation to be given for the loss of the different fingers, provides: "The loss of the first phalange of the thumb, or of any finger, shall be considered equivalent of the loss of one-half of such thumb or finger," and "the loss of more than one phalange of the thumb or finger shall be considered equivalent to the loss of the entire thumb or finger." The question to be determined therefore is whether one who has lost the first phalange and half of the second, of a finger, has within the meaning of the act suffered a "loss of more than one phalange".

We understand the contention of the appellant to be that the act means that to constitute a loss of the finger there must be a loss of two phalanges, and that of the claimant to be that the loss of any more of the finger than the first phalange is what is meant by the act.

Counsel have been unable to find that any case construing this provision has been heard in any of the courts of the Commonwealth, but we have been referred to cases outside, in the states of New York and Maine. The cases referred to are Petro v. Superior Printing Co., 185 Appellate Division 73; Forbes vs. Evening Mail, 194 Appellate Division 563; Baron vs. National Metal Co., 182 Appellate Division 284, and Maxwell's Case, 119 Maine 504.

It seems to us that these courts have failed to recognize the purely arbitrary character of these provisions of the act. If we may be pardoned for saying so, they have not observed that the act furnishes a rule of thumb, with the rationality of which the Court is not concerned. If a man's finger consisted of a considerable number of phalanges, we should be of

516 CHINGOLA *v.* AETNA LIFE INS. CO., Appels.

Statement of Facts—Opinion of the Court. [86 Pa. Superior Ct.

opinion that when the act speaks of more than one phalange it should be interpreted to mean the loss of at least two phalanges, but as a man's finger consists of but three, and his thumb of but two, we are of opinion that the expression "the loss of more than one phalange" means the loss of a greater part of the finger than one phalange, and not "the loss of more phalanges than one." If the latter were meant, the act would be entirely superfluous as to the thumb. We are therefore of opinion that the decision of the Workmen's Compensation Board should be sustained. The appeal is therefore dismissed.

The Court affirmed the order of the Workmen's Compensation Board and entered judgment against the defendant in the sum of $420. Defendants appealed.

*Error assigned,* among others, was the judgment of the Court.

*John M. Reed,* of *Reed and Blair,* for appellants.

*Emerson Hazlett,* for appellee.

PER CURIAM, October 6, 1925:

Little can with profit be added to the opinion of President Judge Shafer, of the court below, which will appear in the report of this case. There was practically no dispute as to the facts. The plaintiff's right index finger was so injured in an accident occurring in the course of his employment as to necessitate amputation through the middle of the bone of the second phalange; he thus lost the first phalange and one-half of the second, and the evidence warranted a finding that he had lost fifty per cent. of motion in the second joint of the finger. The referee and the Workmen's Compensation Board found that he was entitled to

compensation at the rate provided for the loss of the entire finger, under the provisions of the Act of March 29, 1923, P. L. 48, and the court below sustained that finding. The provision of the statute applicable is as follows: "The loss of more than one phalange of a thumb or finger shall be considered equivalent to the loss of the entire thumb or finger". The contention of the appellant is that the statute should be construed to mean that there must be a loss of more phalanges than one, or in other words, a loss of the second phalange. We are unable to agree with this contention under the evidence and findings made in this case. There may be cases in which the loss was of such a minor portion of the second phalange that an award could not be sustained, under the clause above quoted, as for the loss of the entire finger, but that does not seem to be this case. The statute must be interpreted with fair liberality to the end of securing the benefits which it was intended to accomplish. The loss of the first phalange and one-half of the second, is a substantial loss of more than one phalange. The finger is necessarily shortened and there is greater diminution of gripping power than in a case where only the first phalange is lost. This specific question has not been heretofore passed upon by the Supreme Court or this court, but we find no conflict between the conclusion at which the court below arrived and the decision of the Court of Appeals of New York in Petrie v. Oneida Steel Pulley Co., 215 N. Y. 335.

The judgment is affirmed.