In the Matter of the Claims of THOMAS PETRIE, under the Workmen's Compensation Law.

ONEIDA STEEL PULLEY COMPANY et al., Appellants; STATE WORKMEN'S COMPENSATION COMMISSION, Respondent.

Workmen's Compensation Act (L. 1913, ch. 816) should be liberally construed — construction and application of provision for compensation for the loss of part of a finger.

1. The Workmen's Compensation Act (L. 1913, ch. 816) was the expression of what was regarded by the legislature as a wise public policy concerning injured employees, and is to be interpreted with fair liberality, to the end of securing the benefits which it was intended to accomplish.

2. Applying this rule, *held*, that the provisions of the statute providing compensation for the loss of a certain portion of the finger become operative and applicable when it appears that substantially all of the portion of the finger so designated has been lost, and the statute should not be interpreted narrowly for the purpose of defeating a recovery.

*Matter of Petrie*, 165 App. Div. 561, affirmed.

(Argued May 31, 1915; decided June 15, 1915.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 5, 1915, which confirmed an award of the state workmen's compensation commission.

The facts, so far as material, are stated in the opinion.

*Merwin K. Hart* for appellants. The award by the state workmen's compensation commission to Thomas Petrie of two-thirds of his weekly wages for twelve and one-half weeks as for the loss of his third finger was, in view of the facts found by the commission, unauthorized by the Workmen's Compensation Law. (L. 1913, ch. 816, § 15.) The Workmen's Compensation Law being in derogation of the common law, should be strictly construed. (*Andrejwski* v. *Wolverine Coal Co.*, 148 N. W. Rep. 684; *Fitzgerald* v. *Quann*, 109 N. Y. 441.) Even

though it should be held that the essential principles of the Workmen's Compensation Law should be liberally construed, yet of necessity, and in the very nature of things, the schedule of benefits provided in the law must be strictly construed. (*Matter of Ethier*, 105 N. E. Rep. 376.)

*Egburt E. Woodbury, Attorney-General* (*Harold J. Hinman* of counsel), for respondent. Petrie lost the first phalange of his third finger, within the meaning of section 15 of the Workmen's Compensation Law, and was entitled to the compensation awarded for half of that finger. (1 Bradbury's Workmen's Com. Law [2d ed.], 656; *Matter of Burns*, 105 N. E. Rep. 601.) The Workmen's Compensation Law should receive a broad and liberal construction in favor of the employee. (*Peet* v. *Mills*, 136 Pac. Rep. 685; *City of Milwaukee* v. *Miller*, 144 N. W. Rep. 188; *Matter of Tanafak*, 105 N. E. Rep. 368; *Matter of Young*, 106 N. E. Rep. 1; *Matter of Hurle*, 104 N. E. Rep. 336; *Matter of Burns*, 105 N. E. Rep. 601; *McWeeny* v. *Standard Boiler Plate Co.*, 210 Fed. Rep. 507; *Stevenson* v. *Illinois Watch Case Co.*, 186 Ill. App. 418; *Staley* v. *Illinois Central Railway Co.*, 186 Ill. App. 593.)

HISCOCK, J. This appeal presents to this court for the first time for construction, provisions of the Workmen's Compensation Law (Chapter 816, Laws of 1913). No attack is made upon the constitutionality of the act. The provisions thus presented for construction are those covering compensation for the loss of a phalange of a finger.

While the claimant was in the employ of the appellant, Oneida Steel Pulley Company, he met with an accident which, amongst other things, resulted in injury to and subsequent amputation of part of the first phalange of his third finger, and he thereafter filed a claim for compensation covering such injuries.

The evidence which was presented to the State Workmen's Compensation Commission variously described his injury as the "cutting off * * * the third finger about the middle of the nail," and again, "third finger cut off near the first joint or near root of nail."

The commission found that the claimant's injury resulted in "the amputation of the third finger on the right hand near the first joint," and that "in the amputation of the third finger about one-third of the bone of the distal phalange was cut off," and on these findings an award was made as for the loss of the entire phalange of the finger.

Section 15 of the Compensation Law, which covers this case so far as concerns compensation for injuries, provides: "The loss of the first phalange of the thumb or finger shall be considered to be equal to the loss of one-half of such thumb or finger, and compensation shall be one-half of the amount above specified (for the loss of a thumb or finger). The loss of more than one phalange shall be considered as the loss of the entire thumb or finger." There is also a general provision that "In all other cases in this class of disability (after those specifically enumerated, such as the loss of a phalange), the compensation shall be" at a certain rate fixed in said section.

Under these provisions it is argued by the appellants that compensation can be awarded as for the loss of a phalange only in case the entire phalange has been lost, and that in a case where only part thereof has been lost compensation must be sought under the general clause last quoted.

We are not able to agree with this contention on the evidence and findings made in this case. It very likely may be that the loss might be of such a minor portion of the phalange that an award could not be sustained under the clauses which have been quoted as for a loss of the entire phalange, but that does not seem to be this case. While the findings of the commission are somewhat con-

tradictory and rather unsatisfactory in that they state in one place that the amputation of the phalange occurred near the first joint and in another place that about one-third of the bone of the distal phalange was cut off, we think that construed together and in the light of the evidence they may be regarded as stating that substantially all of the phalange was cut off, and on that theory the award.may be sustained.

The Workmen's Compensation Law was adopted in deference to a widespread belief and demand that compensation should be awarded to workmen who were injured and disabled temporarily or permanently in the course of their employment, even though sometimes the accident might occur under such circumstances as would not permit a recovery in an ordinary action at law. The underlying thought was that such a system of compensation would be in the interest of the general welfare by preventing a workman from being deprived of means of support as the result of an injury received in the course of his employment. The statute was the expression of what was regarded by the legislature as a wise public policy concerning injured employees.

Under such circumstances we think that it is to be interpreted with fair liberality, to the end of securing the benefits which it was intended to accomplish. Applying these rules to what happens to be in this case an accident of minor importance, we think we should hold that the provisions of the statute providing compensation for the loss of a certain portion of the finger become operative and applicable when it appears that substantially all of the portion of the finger so designated has been lost, and that we should not interpret such provisions too narrowly for the purpose of defeating a recovery.

The order should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., CHASE, CUDDEBACK, HOGAN, MILLER and SEABURY, JJ., concur.

Order affirmed.