PACKER *v.* OLDS MOTOR WORKS.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—SPECIFIC COMPENSATION—DISABILITY.

> Section 10, pt. 2, of the workmen's compensation act (Act No. 10, Extra Session 1912, 2 Comp. Laws 1915, § 5440), specifying the cases in which disability shall be deemed to continue for the period specified, and specifying the compensation to be paid, although providing for the loss of a thumb or the first phalange of the thumb, does not provide for the loss of a part of a phalange of a thumb, and an award of the industrial accident board in the latter case should be limited to the period of actual disability, under section 11, pt. 2, of the act.[1]

Certiorari to Industrial Accident Board. Submitted January 10 1917. (Docket No. 77.) Decided March 30, 1917.

Roy Packer presented his claim for compensation against the Olds Motor Works for an injury received while in defendant's employ. From an order granting

[1] On construction and effect of workmen's compensation acts generally, see comprehensive note in L. R. A. 1916A, 23, particularly as to total or partial loss of member, see pages 257, 258 of above note.

compensation, defendant and the New England Equitable Insurance Company, insurer, bring certiorari. Reversed.

*C. W. & W. S. Foster*, for appellants.

On December 7, 1915, claimant was injured in the course of his employment. Said injury was caused by claimant's left thumb being caught in a punch press, necessitating the amputation of about one-half of the distal phalange of said thumb; there remaining a stump of the nail on the upper side of said thumb and a good cushion on the under side.

On January 10, 1916, an agreement as to compensation was executed by the interested parties and filed with the accident board, which agreement provided for: "Compensation at the rate of $8.94 per week during disability." Payments were made in accordance with said agreement up to and including February 1, 1916. On March 29, 1916, claimant filed a notice and application for adjustment of said claim, and on April 24, 1916, an arbitration of said claim was had before an arbitration committee, which resulted in the entry of an order denying the applicant further compensation. Thereafter applicant filed an application for review of his claim before the full board, which review was had on June 21, 1916. On that hearing testimony of a physician was taken showing the condition of claimant's thumb to be as above stated. Testimony of the claimant was taken, in the course of which he testified to a period of disability because of the accident covering a period of 18 weeks.

On July 18, 1916, the board reversed the award of the arbitration committee and ordered compensation for 30 weeks at the rate of $8.94 per week. This order was based upon the following finding of the board:

"That at said hearing, to further sustain his claim, the applicant exhibited the injured thumb to the board, and the board made a careful examination of the injured member, and from such examination and investigation the board was satisfied and found as a fact that the injury was of such a character that the applicant had lost the entire use of the first phalange of the injured thumb because of said accident."

BROOKE, J. (*after stating the facts*). Section 10, pt. 2, of the compensation law (2 Comp. Laws 1915, § 5440), prescribes the disability presumed from a list of specified injuries, in part as follows:

"In cases included by the following schedule the disability in each such case shall be deemed to continue for the period specified, and the compensation so paid for such injury shall be as specified therein, to wit: For the loss of a thumb, fifty per centum of the average weekly wages during sixty weeks; * * * the loss of the first phalange of the thumb, or of any finger, shall be considered to be equal to the loss of one-half of such thumb, or finger, and compensation shall be one-half the amounts above specified."

The statute nowhere provides for the loss of a part of a phalange in its list of specified injuries and presumed disability arising therefrom. Except as to enumerated specific injuries, the compensation is to be proportionate to the extent of the impairment of the "earning capacity in the employment in which he was working at the time of the accident." Section 11, pt. 2, compensation law (2 Comp. Laws 1915, § 5441). It is obvious that the award by the board of compensation for 30 weeks, which is that allowed by the statute for the loss of an entire phalange, was based upon its determination that claimant had lost the *entire use of* said phalange. Under our decisions, this award is clearly erroneous. *Limron* v. *Blair*, 181 Mich. 76 (147 N. W. 546); *Hirschkorn* v. *Desk Co.*, 184 Mich. 239 (150 N. W. 851); *Cline* v. *Studebaker Corporation*, 189 Mich. 514 (155 N. W. 519, L. R. A.

1916C, 1139) ; *Carpenter* v. *Forging Co.*, 191 Mich. 45 (157 N. W. 374), the latter case being directly in point.

The award of the board should have been limited to the period of disability, which, under the testimony of the claimant, was 18 weeks.

The order is reversed, and the case remanded for further proceedings.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and FELLOWS, JJ., concurred.