ADOMITES *v.* ROYAL FURNITURE CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—COMPENSATION—DISABILITY—INJURY TO THUMB.

> In proceedings by an injured employee for compensation under the workmen's compensation act, where it appeared that claimant's thumb was so stiffened or anchylosed in its joints that he had no control or use of it, but the flesh and joints still remained intact and had feeling in them, *held,* that the award should be limited to the period of disability, and not be for compensation for entire loss of the thumb.[1]

Certiorari to Industrial Accident Board. Submitted April 3, 1917. (Docket No. 9.) Decided May 31, 1917.

Andrew Adomites presented his claim for compensation against the Royal Furniture Company for the partial loss of a thumb while in defendant's employ. From an order awarding compensation, defendant brings certiorari. Reversed.

[1] On construction and effect of workmen's compensation acts generally, see comprehensive note in L. R. A. 1916A, 23.

*Francis D. Campau,* for appellant.

*Hall, Gillard & Temple,* for appellee.

STEERE, J.  On December 27, 1915, Andrew Adomites sustained an injury to the index finger and thumb of his left hand while working in the machine department of appellant's furniture factory in the city of Grand Rapids, on a "shaper." That the injury arose out of and in the course of his employment is conceded. The circumstances, nature, and result of the accident are stipulated in the record as follows:

"On the date aforesaid applicant was injured while operating a woodworking machine known as a 'shaper.' That the thumb and index finger of the left hand of applicant were injured. That the surgeon employed by the respondent to care for its accident cases advised amputation of the thumb, but that applicant insisted upon saving a portion of the thumb for appearance sake. Under local anesthetic the bone of the second phalange of the thumb of said left hand was removed, but not disarticulated, and the first phalange of said thumb was then sewed back to the upper part of said thumb, forming a short or stub thumb in appearance. That the upper portion of said thumb and joint at the hand of applicant's left hand was anchylosed or so grown together as to form no joint in reality, and that applicant has lost the use and control of said thumb of his left hand by reason of said accident. There remain feeling and life in the thumb."

He was absent from his employment by reason of the injuries so sustained for 13 weeks, being able, on March 27, 1916, to return to and do the same work he was engaged at when injured, and earn the same wages as before. His average weekly wage for the year preceding the accident was $13.04, and it is conceded that he is entitled to one-half of such weekly wage, or $6.52, during the 13 weeks he was absent and incapacitated from work, as well as medical attendance necessitated by the accident. He claimed, however, and was

awarded by the board, $6.52 per week for a period of 60 weeks, on the basis of the entire loss of his thumb under the schedule of fixed compensation for the loss of members provided in section 10, part 2 of the workmen's compensation act (2 Comp. Laws 1915, § 5440).

Appellant contends that the period of his disability or incapacity is limited to the 13 weeks preceding March 27th, at which date he was able to return to his former employment at the same work and wages as before the accident, his efficiency, ability, and earning power in the line of his calling being then unimpaired so far as shown.

It appears that the flesh and all joints of the thumb in question remain with life and feeling, and there is no actual severance or removal of it as a whole, or of any phalange, although control and use of it are lost by reason of the stiffened or anchylosed joints. The question which this situation presents is whether loss of the use of his thumb, which remains to the employee with life and feeling, is within the meaning of the workmen's compensation act a total loss of such member under the schedule providing a fixed compensation for total loss of the same, replacing the compensation which would otherwise be payable as indemnity for the actual period of incapacity, or disability, shown.

Whatever uncertainty may have previously existed, the recent case of *Packer* v. *Olds Motor Works*, 195 Mich. 497 (162 N. W. 80), filed March 30, 1917, has now settled that question favorable to appellant's contention. In that case the injury necessitated amputation of about one-half of the distal phalange of the thumb, and the accident board "found as a fact that the applicant had lost the entire use of the first phalange of the injured thumb because of said accident."

The schedule for loss of members provides that:

"The loss of the first phalange of the thumb or of any finger shall be considered to be equal to the loss of

one-half of such thumb, or finger, and compensation shall be one-half of the amounts above specified." 2 Comp. Laws 1915, § 5440.

There the actual period of inability to work because of the accident was 18 weeks, but the board awarded compensation for 30 weeks, or one-half of the amount specified in the schedule for loss of a thumb. This was held to be clearly erroneous, it being said in part:

"It is obvious that the award by the board of compensation for 30 weeks, which is that allowed by the statute for the loss of the entire phalange, was based upon its determination that claimant had lost the entire use of said phalange. * * * The award of the board should have been limited to the period of disability, which, under the testimony of the claimant, was 18 weeks."

As no distinction in principle can be discovered between the two cases, there is no occasion at the present time to further discuss the question. The award, or order, of the industrial accident board appealed from must be, and hereby is, reversed, and the case remanded for such further proceedings as may be desired and the proofs authorize.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, BROOKE, and FELLOWS, JJ., concurred.