EDGE MOOR IRON COMPANY, Employer, Defendant Below, Appellant, *vs.* PUSEY SIDWELL, Plaintiff Below, Appellee.

(*November* 3, 1925.)

RICE and HARRINGTON, J. J., sitting.

*Herbert H. Ward* for Defendant Below, Appellant.

*Walter J. Willis* for Plaintiff Below, Appellee.

Superior Court for New Castle County, November Term, 1925.

No. 133, January Term, 1925.

HARRINGTON, J., delivering the opinion of the Court:

The question presented involves the construction of certain provisions of the industrial accident statute.

Subdivision (c) of *Section* 2 *of Chapter* 186, *vol.* 32, *Laws of Delaware*, among other things, provides:

"For all permanent injuries of the following classes, the compensation, regardless of the earning power of such injured employee after such injury, shall be as follows: *   *   *

"For the loss of a thumb, fifty per centum of wages during sixty weeks. * * *

"The loss of the first phalange of the thumb or of any finger shall be considered to be equal to the loss of one-half of such thumb or finger and compensation shall be for one-half of the period, and compensation for the loss of one-half of the first phalange shall be for one-fourth of the period.

"The loss of more than one phalange shall be considered as the loss of the entire finger or thumb, providing, however, that in no case shall the amount received for more than one finger exceed the amount provided in this schedule for the loss of a hand. * * *

"In all other cases in this class, or when the usefulness of a member or any physical function is permanently impaired, the compensation shall bear such relation to the amount stated in the above schedule as the disabilities bear to those produced by the injuries named in the schedule. * * *

"This compensation shall not be more than $15.00 per week, nor less than $5.00 per week; provided, that, if at the time of injury, the employee receives wages of less than $5.00 per week, then he shall receive the full amount of such wages per week as compensation."

The statute, also, specifically provides for the loss of certain other members, including an arm, a foot, a leg, a finger and a toe.

The decision of the question before us depends upon the meaning of the paragraph providing that "the loss of more than one phalange shall be considered as the loss of the entire finger or thumb."

■ The apparent policy and intent of the statute is to make specific provisions for the actual loss or severance of certain members and a general provision when there is not an actual loss or severance of a member but its usefulness is permenently impaired. *Schneider, Workmen's Com. Law, vol.* 2, § 411; *Ann. Cas.* 1918*A, note* 536, etc.; *Norwood v. Lake Bisteneau Oil Co.,* 145 *La.* 823, 83 *So.* 25. The cases cited by the claimant are of this character. *Northwestern Fuel Co. v. Ind. Comp.,* 161 *Wis.* 450, 152 *N. W.* 856, *Ann. Cas.* 1918A, 533; *McLean's Case,* 119 *Me.* 322, 111 *A.* 383, 18 *A. L. R.* 1348.

If the award of the board is correct, compensation, equal to the loss of a whole thumb or finger, would be awarded for the loss of the first phalange and the smallest possible portion of the second phalange of such thumb or finger.

That the loss of the first phalange of the finger means the loss of all, or substantially all of that member, and that the loss of a

small portion thereof does not come within the language of a statute containing such a provision, has been repeatedly decided. *Thompson v. Sherwood*, 178 *App. Div.* 319, 164 *N. Y. S.* 869; *Tetro v. Superior Box Co.*, 185 *App. Div.* 73, 172 *N. Y. S.* 722; *Mockler v. Hawkes*, 173 *App. Div.* 333, 158 *N. Y. S.* 759; *Geiger v. Gotham Can. Co.*, 177 *App. Div.* 29, 173 *N. Y. S.* 678; *Admonites v. Royal Fur Co.*, 196 *Mich.* 498, 162 *N. W.* 965; *Packer v. Olds Motor Works*, 195 *Mich.* 497, 162 *N. W.* 80.

In *Geiger v. Gotham Can. Co. (supra)*, where the claimant lost a one-eighth part of the first phalange, the Court said:

"We do not think it was the intent of the   *   *   *   Compensation Law that an injury resulting no more seriously than simply in the severance of so small a piece of the tip of the finger should entitle a claimant to an award for the loss of the whole phalange."

It is true that our statute, differing from the New York statute, expressly provides not only for the loss of the first phalange, but, also, for the loss of a one-half part of such phalange; the same principle would, however, apply and that the Legislature intended to apply any different rule, with respect to the loss of the second phalange of the thumb or of a finger, seems unlikely.

Considering the other provisions of the act in connection with the language to be construed, it is apparent that the words "the loss of more than one phalange" were intended to mean the loss of more phalanges than one, as is contended by the appellant.

The same construction was applied to facts very similar to those involved in this case in *Baron v. National Metal Spinning & Stamping Co.*, 182 *App. Div.* 284, 169 *N. Y. S.* 337. In that case, the first phalange of one thumb and a small triangular piece of bone, about three-eights of an inch in length on the longest side, running to a point on the inside of the thumb, which had for its base a portion of the apex of the second phalange of such thumb, was removed.

Under a similar statutory provision, the Industrial Accident Board found that the injury suffered by the claimant should be considered equivalent to the loss of the entire left thumb.

On appeal, the Court, however, held that the loss in question did not constitute the loss of more phalanges than one, within the

meaning of the statute, and in reversing the award of the Industrial Accident Board said:

"It was not the intention of the Legislature that a different rule should be applied to an injury to the proximal phalanx of a thumb or finger from that applicable to the distal phalanx, and that an injury which should be treated as inconsequential when occuring to one phalanx should be treated as creating disability and compensative when occurring to another."

It is true that a different conclusion from that reached in *Baron v. Nat. Metal S. & S. Co.* was reached by the court in the earlier case of *Fortino v. Merchants' Dispatch Trans. Co. (Sup.)*, 156 *N. Y. S.* 262, but considering the fact that the decision was largely based on the fact that the award would be greater if based on the general provision covering the loss of use of a member, the reasoning is not particularly persuasive.

The award of the Industrial Accident Board merely shows that the claimant lost a one-sixth part of the second phalange of the thumb; that he did not lose the second phalange of such thumb, or a substantial part thereof, is, therefore, apparent.

But even though the claimant may not be entitled to compensation for the loss of his thumb circumstances might arise whereby he would be entitled to relief under the general provision of the statute directing an award of compensation "when the usefulness of a member * * * is permanently impaired."

While there is evidence in the record to the effect that the "usefulness" of the second phalange of claimant's thumb was not impaired, yet the Industrial Accident Board made no finding of fact with respect to that question. For the reasons above given, their award providing for the loss of a portion of the second phalange is reversed, but the case is remanded to them in order that they may find the facts with respect to such question and based on such finding take such further action in conformity with this opinion as may be required.