RENO v. HOLMES.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—FINDING OF DEPARTMENT IS ONE OF LAW WHERE FACTS UNDISPUTED.
    Where, in a hearing on a claim under the workmen's compensation act, before the department of labor and industry, the facts are not in dispute, the finding of the department is one of law and not of fact.

2. SAME—UNDISPUTED FACTS PRESENT QUESTION OF LAW.
    Where the point at which an amputation of a leg was had is not in dispute, whether the injured employee lost a leg within the meaning of the compensation act requires a construction of the act and therefore presents a question of law.

3. SAME—QUESTION NOT RAISED ON HEARING NOT CONSIDERED ON CERTIORARI.
    Where, on the hearing of a claim by an injured employee for additional compensation on the theory that, under the workmen's compensation act, the former award to him should have been for the loss of a leg rather than for the loss of a foot, no claim was made by the employer, in denying liability, that the question was res adjudicata, said question will not be considered, on certiorari to review the decision of the department.

4. SAME—LOSS OF LEG.
    The necessary amputation of an injured employee's leg about five and one-half inches below the knee joint constitutes the loss of a leg within the meaning of the workmen's compensation act.

Certiorari to Department of Labor and Industry. Submitted April 19, 1927.    (Docket No. 117.)    Decided June 6, 1927.  Rehearing denied October 3, 1927.

John Reno presented his claim for compensation against Herman Holmes and the General Casualty &

¹Workmen's Compensation Acts, C. J. § 128 (Anno); ²Id., C. J. § 128; ³Id., C. J. § 125 (Anno); ⁴Id., C. J. § 92; 18 A. L. R. 1352.

Surety Company, insurer, for an accidental injury in defendant's employ.     From an order denying compensation, plaintiff brings certiorari.     Reversed and remanded.

*Doyle, Doyle & Doyle,* for appellant.

*Derham & Derham,* for appellees.

FELLOWS, J.    The plaintiff received an industrial accident necessitating the amputation of his left leg about five and one-half inches below the knee joint. By agreement he was paid compensation for the loss of a foot, 125 weeks.    This proceeding was instituted to recover further compensation for an additional period of 50 weeks upon the claim that he had lost a leg within the meaning of the workmen's compensation act.    We will first take up some of defendants' contentions.    The facts are not in dispute, and we can not accede to defendants' claim that the determination of the department of labor and industry was a finding of fact and not one of law.    The point at which the amputation was had is in no way in dispute, and whether this was the loss of a leg within the meaning of the act requires a construction of the act and presents a question of law.    *Rogers* v. *Modern Brotherhood of America,* 131 Mo. App. 353 (111 S. W. 518).    Defendants here urge that the agreement for compensation for the loss of a foot is *res adjudicata* and cite the holdings of this court to the effect that the commission may not grant rehearings.    But no such claim was made in denying liability.    In *Roach* v. *Kelsey Wheel Co.,* 200 Mich. 299, we considered the power of the (then) board to make rules, quoted Rule V adopted by it which limited the defenses to such as are stated in the denial of liability, and said:

"The rule in question was within the power of the board to adopt.    It is reasonable and valid; it not only binds the board, and litigants before it, but it

binds this court.   Being reasonable and within the power· of the board, this court must follow it and recognize it in cases coming here for review."

The defense of *res adjudicata,* not having been made in defendants' denial of liability, can not be here urged.

Defendants insist that *Curtis* v. *Hayes Wheel Co.,* 211 Mich. 260, and *Addison* v. *W. E. Wood Co.,* 207 Mich. 319, sustain their contention that compensation is only allowable for the loss of a foot, but in neither of these cases was the question here involved before us.

Of our own cases, the one nearest in point is *Stocin* v. *C. R. Wilson Body Co.,* 205 Mich. 1.   Noting the diagram appearing in that case, it will be seen that the amputation was a short distance below the elbow. We there held that the words used in the act should be given their ordinary and accepted meaning, and, giving them such meaning, we held that there had been the loss of an arm.   The supreme court of Massachusetts made a similar holding in *Garcelon* v. *Accident Ass'n,* 184 Mass. 8 (67 N. E. 868, 100 Am. St. Rep. 540), in construing the words "loss of an arm," in an insurance policy.   The amputation was at a point about four inches below the elbow, and it was said:

"We consider the amputation of an arm a little below the elbow to be the loss of an arm in the common acceptation of those words and within their meaning as used in the policy, which specifies merely the 'loss of an arm' without mentioning whether the loss is by amputation below or above the elbow joint."

The word "leg" has a common and accepted meaning. Webster's International Dictionary defines it as:

"A limb or member of an animal used for supporting the body, and in running, climbing or swimming; sometimes specif. that part of the limb between the knee and foot."

And a "foot" is defined as:

"The terminal part of the leg of a man or animal; that part of an animal upon which it rests when standing, or upon which it moves.    In man the foot is the *pes* or part of the leg below the ankle joint or tibiotarsal articulation."

The diligence of counsel has brought to our attention but one case dealing with the precise question before us.    *Payne* v. *Industrial Commission*, 296 Ill. 223 (129 N. E. 830).    In the time at our disposal we have found no others directly in point.    In this case the amputation was at a point about ten inches above the ankle joint.    It was held (we quote from the syllabus) :

"The loss of any substantial portion of a leg constitutes the loss of the leg within the meaning of the compensation act, and the necessary amputation of the leg ten inches above the ankle joint will entitle the employee to compensation for loss of the leg."

It will be noted that the amputation in that case was at practically the same point as it was in the instant case, and while the language of the Illinois act is not identical with ours, the language differing from ours was not stressed in the opinion, but the broad holding was made that the loss of a substantial portion of the leg was the loss of the leg.    We are persuaded that we should follow that holding.    To hold that one had lost only a foot unless the leg was amputated at the extreme upper part would not comport with the common acceptance of the language used by the legislature or the beneficent purposes of the act.

It follows that the decision of the department of labor and industry will be vacated and the case remanded for further proceedings not inconsistent with this opinion.    Plaintiff will have costs of this court.

SHARPE, C. J., and BIRD, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.