FANNING v. W. E. WOOD CO.

Master and Servant—Workmen's Compensation Act—Loss of
Part of Phalange of Finger.
> Where injury to employee resulted in loss of two-thirds of distal
> phalange of finger, it was not loss of one-half of finger within
> meaning of workmen's compensation act, providing that loss
> of first phalange shall be considered equal to loss of one-half
> of finger (2 Comp. Laws 1929, § 8426) and therefore com-
> pensation for said injury is governed by provision for dis-
> ability. Clark and North, JJ., dissenting.

Certiorari to Department of Labor and Industry.
Submitted April 8, 1931. (Docket No. 16, Calendar
No. 35,266.) Decided October 30, 1931.

William Fanning presented his claim against W.
E. Wood Company, employer, and General Accident,
Fire & Life Assurance Corporation, Ltd., insurer,
for an accidental injury while in defendant's employ.
Award for plaintiff. Defendants bring certiorari.
Reversed.

*Kerr, Lacey & Scroggie,* for appellants.

McDonald, J. This is an appeal by the defend-
ants from an award by the department of labor and
industry.

The plaintiff suffered an accidental injury to the
index finger of his right hand, resulting in the loss
of two-thirds of the distal phalange. It is conceded
that the injury arose out of and in the course of
his employment. The commission refused to ap-
prove a settlement agreement between the parties

As to recovery for loss of phalanges under compensation statute,
see annotation in 18 A. L. R. 1354.

and ordered a hearing, which resulted in an award in favor of the plaintiff as for the loss of one-half of the right index finger. It is the defendants' contention that the loss of two-thirds of the distal phalange is not the loss of one-half of the finger within the meaning of the statute (2 Comp. Laws 1929, § 8426); that the statute provides for the loss of a whole finger and for half a finger, but makes no provision for the loss of any other part, and that therefore in this case the plaintiff's right to compensation is for disability only, which was four weeks and five days.

The applicable portion of the statute provides for specific losses as follows:

"The loss of the first phalange of the thumb, or of any finger, shall be considered to be equal to the loss of one-half of such thumb, or finger, and compensation shall be one-half of the amounts specified."

It is conceded that plaintiff lost two-thirds of the distal phalange of his right index finger, leaving a good padding of flesh under the end of the finger, the nail bed intact and the nail regenerating. In awarding compensation for the loss of one-half of the finger, the commission laid down the rule that if a substantial or major portion of a phalange is lost, the whole phalange is lost within the meaning of the statute. There might be much merit in so holding if, in the schedule for loss of members, the statute had not definitely specified otherwise. It makes no provision for the loss of the substantial portion of the phalange. As was said in *Packer* v. *Olds Motor Works,* 195 Mich. 497:

"The statute nowhere provides for the loss of a part of a phalange in its list of specified injuries and presumed disability arising therefrom."

In that case there was the loss of one-half of the distal phalange of the thumb. It only differs from the case at bar in that the claimant has lost two-thirds of the distal phalange of the index finger. In neither case was there such a loss as the statute specifies in its schedule. We are unable to distinguish them in principle. We think the question here is ruled by *Packer* v. *Olds Motor Works, supra,* and *Adomites* v. *Royal Furniture Co.,* 196 Mich. 498.

The award is reversed.

BUTZEL, C. J., and WIEST, POTTER, SHARPE, and FEAD, JJ., concurred with McDONALD, J.

NORTH, J. (*dissenting*). Construction of the statute quoted in Justice McDONALD's opinion necessitates determination of what constitutes "loss of the first phalange." Does it mean severance *in toto,* or in a practical sense should it be held to be the loss of such a major portion of the phalange that the remainder is of no practical value in an industrial sense? In *Reno* v. *Holmes,* 238 Mich. 572, we committed ourselves to the latter rule. Mr. Justice FELLOWS, writing for the court, quoted with approval from *Payne* v. *Industrial Commission,* 296 Ill. 223 (129 N. E. 830), the following:

"The loss of any substantial portion of a leg constitutes the loss of the leg within the meaning of the compensation act, and the necessary amputation of the leg ten inches above the ankle joint will entitle the employee to compensation for loss of the leg."

Justice FELLOWS added:

"We are persuaded that we should follow that holding. To hold that one had lost only a foot unless the leg was amputated at the extreme upper

part would not comport with the common acceptance of the language used by the legislature or the beneficent purposes of the act.''

The commission in deciding the instant case followed this interpretation of the statute. A similar provision in the New York statute has been so construed. *In re Petrie,* 215 N. Y. 335 (109 N. E. 549). The award of the commission should be affirmed, with costs to appellee.

CLARK, J., concurred with NORTH, J.