FRANK W. WILSON, Claimant Below, Appellant, *v.* BETHLEHEM STEEL CO., INC., Defendant Below, Respondent.

(*June* 14, 1939.)

LAYTON, C. J., RICHARDS and TERRY, J. J., sitting.

*Cohen* and *Cohen* for appellant.

*Caleb S. Layton* (of Richards, Layton and Finger) for appellee.

Superior Court for New Castle County, No. 141, March Term, 1939.

LAYTON, C. J., delivering the opinion of the Court:

Subsection (c) of Section 6080, Revised Code 1935, provides compensation for all permanent injuries of designated classes, including permanent injuries to fingers and thumb, and it declares that the compensation shall not be more than fifteen dollars per week.

It appears from the opinion of the Industrial Accident Board that in cases where the average weekly wage is over $30.00, the sum of $15.00 has always been considered by the Board as the base for the calculation of compensation. In the instant case, the injury to the thumb having resulted in a seventy-five percent loss of usefulness of the member, the formula, $15.00 X 75% X 60, was applied. The result was a total compensation of $675.00.

This was error. The sum of $15.00 per week is clearly declared by the statute to be the maximum compensation for the classes of permanent injuries listed in the sub-section. The amount is a maximum and nothing more. It is, in no sense, a base for the calculation of compensation. See *Maryland Casualty Co. v. Laughlin*, (5 *Cir.*) 29 *F.* 2d 343; *Maryland Casualty Co. v. Ferguson*, (*Tex. Civ. App.*) 252 *S. W.* 854. The total compensation should have been deter-

mined by the following formula, $37.20 X 50% X 75% X 60=$837.00.

In *Edge Moor Iron Co. v. Sidwell*, 3 *W. W. Harr.* (33 *Del.*) 132, 131 *A.* 868, the claimant, a carpenter, suffered an injury to his right thumb, as a result of which it became necessary to amputate the entire distal phalange. The wound did not heal, and by a second operation, about one-sixth part of the proximal phalange was removed. An award was made on the basis of loss of the entire thumb. The award was reversed, this Court being of the opinion that the phrase, "the loss of more than one phalange," was intended to mean the loss of more phalanges than one; and that the loss of one-sixth of the proximal phalange was not the loss of that phalange or a substantial part of it. We are asked to reverse this ruling. A decision on a point of law made after serious argument and mature deliberation ought not to be disturbed except for urgent reasons and upon clear manifestation of error. See *Ajax Rubber Co. v. Gam,* 4 *W. W. Harr.* (34 *Del.*) 264, 151 *A.* 831; *Hackett v. Bethlehem Steel Co.,* 5 *W. W. Harr.* (35 *Del.*) 317, 165 *A.* 332. The reason for the rule is apparent. But, apart from the mere desirability of avoiding conflict of opinion in the Superior Court, and the confusion and uncertainty necessarily incident to a divergency of views, we are of opinion that the construction of the statute by this Court in the cited case was correct. See *Maxwell's case,* 119 *Me.* 504, 111 *A.* 849; *In re Petrie,* 215 *N. Y.* 335, 109 *N. E.* 549; *Camet v. Aetna &c Co., (La. App.)* 175 *So.* 152; *Van Eps v. Sligh &c Co.,* 257 *Mich.* 112, 241 *N. W.* 182, and the cases cited in *Edge Moor Iron Co. v. Sidwell, supra.*

The statute, primarily, provides for compensation for the loss of phalanges. The word, "more", is used adjectively and not adverbially. Grammatically, the meaning of the phrase, "the loss of more than one phalange", is the loss of more phalanges than one phalange. Moreover,

the statute contemplates the usefulness of the member after injury as a factor in the determination of compensation. This is clear from the provision, "In all other cases in this class, or when the usefulness of a member or any physical function is permanently impaired, the compensation shall bear such relation to the amount stated in the above schedule as the disabilities bear to those produced by the injuries named in the schedule". The construction contended for by the appellant, that the loss of the distal phalange of a thumb plus the smallest portion of the proximal phalange is, in contemplation of the law, the loss of the entire thumb, is not justified. The Court may not suppress statutory language in the interest of liberality of construction.

The appellant cites *Ciotti v. Jarecki Mfg. Co.*, 128 *Pa. Super.* 233, 193 *A.* 323, and *Brugioni v. Saylor Coal Co.*, 198 *Iowa* 135, 197 *N. W.* 470. From the reports of these cases it does not appear that the statutes contained a general provision, similar to our own, comprehending usefulness of a member permanently impaired; and apart from this distinguishing feature, a different view of statutory construction is allowable.

In the *Sidwell case*, the claimant lost one-sixth of the proximal phalange of a thumb. The Court observed that "the loss of the first phalange of the finger means the loss of all, or substantially all of that member", and that the claimant "did not lose the second phalange of such thumb, or a substantial part thereof". It is contended that the inference is permitted that the loss of as much as one-third of the proximal phalange of a thumb would have been regarded as the loss of the entire thumb. We think, however, that the Court did not, by the use of the word "substantial", intend to lay down a rule by which the loss of an entire finger or thumb might be presumed from the fractional part of the member remaining after injury regardless of usefulness. This is sufficiently clear from the observation

of the Court, that "the apparent policy and intent of the statute is to make specific provisions for the actual loss or severance of certain members and a general provision when there is not an actual loss or severance of a member but its usefulness is permanently impaired".

The award should have been based upon the claimant's average weekly wage, and not upon the maximum weekly compensation. The case is remanded to the Industrial Accident Board for an award to the claimant in conformity herewith.