Hart, J.
The question to be determined is whether a hand which is permanently and totally useless to such an extent that employment is limited to work with the other hand is a lost hand within the meaning of the schedule of losses in Section 1465-80, General Code (114 Ohio Laws, 34).
It may here be noted that compensation for temporary total disability or for impairment in earning capacity, such as was received by the relator, does not preclude the right of an employee, in a proper case, to receive further compensation for any loss sustained which is covered by the schedule of losses set out in Section 1465-80, General Code. State, ex rel. Young, v. Industrial Commission, 139 Ohio St., 601, 41 N. E. (2d), 570.
It is the contention of the relator that the loss of the use of his hand is the “loss of his hand,” which under the statute would entitle him to additional compensa *621 tion in the sum of “66 2/3 per cent of the average weekly wages during 165 weeks,” but not to exceed the sum of $4,000. On the other hand, the commission contends that the term “loss” as used in the statute means loss by severance.
The relator further claims that this court recognized the principle for which he contends, in the case of State, ex rel. Schindler, v. Industrial Commission (1932), 126 Ohio St., 34, 183 N. E., 871, which was an original action in mandamus. Before that case was filed the claimant therein had appealed his claim to the Court of Common Pleas for allowance for the entire loss of vision of his eye. That court, through a verdict of a jury, found that the claimant was entitled to participate in the fund. When the judgment of the Common Pleas Court was certified to the commission, it failed to allow further compensation to which the claimant claimed he was entitled, whereupon he brought an action in this court (which is the case above cited) alleging in his petition that he was entitled to compensation, not merely for temporary total disability, but for the loss of his eye as then provided for in the schedule to Section 1465-80, General Code ([1923] 110 Ohio Laws, 225). The Industrial Commission demurred to the petition, thereby admitting the well-pleaded allegations of fact stated therein. This court, holding that the petition alleged and the demurrer admitted the injury suffered by the claimant was the loss of an eye, overruled the demurrer. Prom that record it will be apparent that this court did not in any sense construe the meaning of the term “loss of an eye.”
Although the. workmen’s compensation law must be liberally construed, rights under the law arise wholly by reason of legislative enactment. This-court cannot enlarge the language of the statute but can only give effect to the intent of the General Assembly as expressed by the language used by it. We are therefore *622 called upon in this case to construe the intent expressed by the use of the word “loss” as it appears in the statute.
From the context of the statute, we are of the opinion that the word “loss” as used therein means loss by severance, and that the loss of a use of a member is not the equivalent of the loss of such member. The context of the statute clearly shows that the General Assembly possessed a clear and discriminating appreciation of the significance of the difference in meaning between the “loss” and the “loss of the use” of the different members of the body. It is very significant that when the cause of action arose in the case of State, ex rel. Schindler, v. Industrial Commission, supra, the statute provided compensation for the “loss of an eye,” but evidently recognizing the.harshness of a rule which requires the enucleation of the eye before full compensation can be awarded, the General Assembly amended the section of the statute ([1931] 114 Ohio Laws, 36) by changing the phrase “loss of an eye” to “loss of the sight of an eye,” giving clear recognition to the distinction between the terms “loss” and “loss of the use” of a member.
It is also significant that the General Assembly did not change the statute in this respect as to any member of the body other than the eye. The statute still provides for the “loss,” but not for the “loss of the use,” of the hand, the arm, the foot and the leg, and we must construe the word “loss” to mean the loss of such members by severance.
There is another significant key to the- meaning of the word “loss” as used in the statute in question. The same statute, Section 1465-80, General Code, provides certain compensations for the loss of portions and fractional parts of members' of the body. For instance, it provides compensation for the loss of a thumb and of the several fingers of the hand; and for the loss *623 of fractional parts of the thumb and fingers; and the same as to the toes. Clearly, in such cases, the word “loss” means loss by severance. It cannot reasonably mean the loss of the use of such part or fractional parts. In addition there is separate provision made for the loss of the use of a finger or thumb or parts of either by ankylosis or contractures, another clear distinction between “loss” and “loss of the use.” Since the word “loss” as used in these instances clearly connotes loss by severance, we are forced to the conclusion that the word has a like significance when used with ■ reference to the hand.
It is a well-recognized rule of statutory construction that where the same word or phrase is used more than once in a statute, in relation to the same subject and the same purpose, if it is clear in one connection and doubtful or obscure in another, it w-ill have the same construction in the latter as in the former, unless a different construction is plainly called for. Rhodes v. Weldy, 46 Ohio St., 234, 20 N. E., 461; Chilcote, Gdn., v. Hoffman, 97 Ohio St., 98, 119 N. E., 364.
Several states have provided by specific statutory enactments that the loss of the use of a bodily member shall be equivalent to the loss of such member. Hull v. United States Fidelity & G. Co., 102 Neb., 246,166 N. W., 628; Modra v. Little, 223 N. Y., 452,119 N. E., 853, Ann. Cas. 1918D, 177; Phonville v. New York & C. S. S. Co., 226 N. Y., 622, 123 N. E., 258; Bristow Cotton Oil Co. v. Industrial Commission, 77 Okla., 316, 188 P., 658; Hill Grocery Co. v. Ligon, 26 Ala. App., 584, 164 So., 216; Texas Employers’ Ins. Assn. v. Ray (Tex. Civ. App.), 68 S. W. (2d), 290. However, the General Assembly of this state has not made any such provision except inferentially in the case of the loss of the sight of an eye.
The relator cites a number of cases involving indemnity insurance contracts, each providing indemnity *624 for the loss of a hand, arm or leg. In each of such cases the court has held that the partial severance or severe mangling'of a member rendering it useless constitutes a loss of the member. In those cases, the courts properly construed the language of the contracts strictly against the indemnitor and liberally in favor of the indemnitee. Among such cases are Supreme Court of Honor v. Turner, 99 Ill. App., 310; Modern Order of Praetorians v. Taylor, 60 Tex. Civ. App., 217, 127 S. W., 260; Sisson v. Supreme Court of Honor, 104 Mo. App., 54, 78 S. W., 297; Noel v. Continental Casualty Co., 138 Kan., 136. See, also, Sheanon v. Pacific Mutual Life Ins. Co., 77 Wis., 618, 46 N. W., 799, 9 L. R. A., 985, 20 Am. St. Rep., 151.
Under the compensation acts of a few states total loss'of the use of a member by reason of partial severance is held- to be equivalent to a loss of the member. Northwestern Barb Wire Co. v. Industrial Commission, 353 Ill., 371, 187 N. E., 468 (where members were torn from the normal location but relocated without function by surgery); Calhoon v. Meridan Lumber Co., 180 La., 343, 156 So., 412; West v. Postum Co., Inc., 260 Mich., 545, 245 N. W., 561; Rench v. Kalamazoo Stove & Furnace Co., 286 Mich., 314, 282 N. W., 162. However, see the cases of Carpenter v. Detroit Forging Co., 191 Mich., 45, 157 N. W., 374; Packer v. Olds Motor Works, 195 Mich., 497, 162 N. W., 80; Adomites v. Royal Furniture Co., 196 Mich., 498, 162 N. W., 965; Wilcox v. Clarage Foundry & Mfg. Co., 199 Mich., 79, 165 N. W., 925.
However, in jurisdictions outside of Ohio, the weight of authority appears to be to the effect that there is no “loss” of a member unless there is an actual severance of the member. Norwood v. Lake Bisteneau Oil Co., 145 La., 823, 83 So., 25; In re Supple, 180 App. Div., 135, 167 N. Y. Supp., 391; Merchant’s Case, 118 Me., 96, 106 A., 117; McLean’s Case, 119 Me., 322, 111 *625 A., 383, 18 A. L. R., 1348; Northwestern Fuel Co. v. Industrial Commission, 161 Wis., 450, 152 N. W., 856, Ann. Cas. 1918A, 533; Ballou v. Industrial Commission, 296 Ill., 434, 129 N. E., 755 (where compensation act made provision for compensation for loss of a hand and also for the loss of the use of a hand, the court holding that the expressions “loss” and “loss of the use” should be given their ordinary meaning); Franko v. William Schollhorn Co., 93 Conn., 13, 104 A., 485; Spring Canyon Coal Co. v. Industrial Commission, 74 Utah, 103, 277 P., 206.
In the last above-cited case the court in its opinion said:
“We have carefully examined the authorities submitted and have become convinced that the overwhelming weight of authority and the better reasoned cases involving the construction of workmen’s compensation laws support the view that the loss of a member means the loss by severance; that, in the absence of language in the act indicating that the loss of the use of a member is equivalent to the loss of a member, the courts are not authorized to read such construction into the law. The most widely cited case upon this question is Merchant’s case, decided in 1919 by the Supreme Court of Maine, reported in 118 Me., 96, 106 A., 117. We quote the following from the decision:
“ ‘Apart from the context' of the statute, the “loss” of a member in the ordinary acceptation of the term implies a physical separation. To lose, in its primary sense, is to “part from or be separated from,” Standard Die. When in ordinary conversation it is said that one has lost his hand or his arm or his leg, nothing else is understood than’an actual severance. It is true that for the sufferer the loss of the use of a member may be equivalent to the loss of the member itself so long as the disuse remains, but the two things are quite distinct and if one has lost the use of a member it would *626 be so described and never as the loss of the member. “It may be the disability would.be as great as though the hand or foot was gone but the courts have no authority to extend the terms of the law beyond its plain provision,” Bigham v. Clubb, 42 Tex. Civ. App., 312, 95 S. W., 675.* * *’ ”
Under our statute, we find that a legislative interpretation has been given to the term “loss” of a member of the body which we cannot disregard and which must be applied in the instant case.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Turner and Matthias, JJ., concur.