PALAZZOLO *v.* BRADLEY.

WORKMEN'S COMPENSATION—LOSS OF PART OF FIRST PHALANGE OF
THUMB—INDUSTRIAL USE.
  Sixteen-year-old boy without a working permit who lost by
  amputation 2/3 of the distal phalange of his thumb and the
  industrial use of entire phalange *held,* entitled to an award of
  compensation for specific loss for 1/2 of such thumb (CLS
  1954, § 412.10).

DETHMERS, C. J., and CARR and KELLY, JJ., dissenting.

Appeal from Workmen's Compensation Appeal
Board. Submitted October 9, 1958. (Docket No. 27,
Calendar No. 47,736.) Decided January 12, 1959.

Andrew F. Palazzolo presented his claim against
Charles C. Bradley, employer, and Hardware Mutual
Insurance Company, insurer, for additional compensation for specific loss of portion of thumb. Claim
denied. Plaintiff appeals. Reversed and remanded.

*Luyendyk, Hainer, Hillman, Karr & Dutcher,* for
plaintiff.

*Alexander, Cholette, Buchanan, Perkins & Conklin*
(*Edward D. Wells,* of counsel), for defendants.

DETHMERS, C. J. (*dissenting*). Plaintiff received
an injury arising out of and in the course of his employment. It necessitated amputation of a fraction
of the first phalange of his left thumb. Defendants
concede that what remains of that phalange is of

REFERENCES FOR POINTS IN HEADNOTES

Workmen's Compensation: what amounts to loss of member within
the meaning of the acts—phalanges, 18 ALR 1350, 1354.

no more value to him than if it had been removed at the joint. He was paid compensation for 2 weeks while disabled and then compensation benefits were stopped because there was no further loss of wage-earning capacity. Plaintiff's claim is for compensation for specific loss of 1/2 the thumb under the statute. He appeals from the order of the appeal board affirming the award of the hearing referee which denied compensation as for specific loss.

The statute, CLS 1954, § 412.10 (Stat Ann 1955 Cum Supp § 17.160), provides that compensation shall be paid for the specific loss of a thumb at the rate of 2/3 of the average weekly wages during 65 weeks and that: .

"The loss of the first phalange of the thumb, or of any finger, shall be considered to be equal to the loss of 1/2 of such thumb, or finger, and compensation shall be 1/2 the amounts above specified;

"The loss of more than 1 phalange shall be considered as the loss of the entire finger or thumb: Provided, however, That in no case shall the amount received for more than 1 finger exceed the amount provided in this schedule for the loss of a hand."

Does "loss of the first phalange of the thumb," as provided in the statute, mean physical loss or does loss of industrial use meet the test?

*Packer* v. *Olds Motor Works,* 195 Mich 497; *Adomites* v. *Royal Furniture Co.,* 196 Mich 498; *Fanning* v. *W. E. Wood Co.,* 255 Mich 618; and *Van Eps* v. *Sligh Furniture Co.,* 257 Mich 112, hold that actual physical loss and not mere loss of industrial use of the first phalange (thumb, in *Adomites*) is prerequisite to the right to compensation for specific loss of the phalange as distinguished from compensation for loss of earnings resulting from disability. Plaintiff would distinguish those cases from this on the basis that in them there were no proofs of the total

loss of industrial use of the phalange or member involved. *Van Eps* relied on *Fanning* and *Fanning* relied on *Packer* and *Adomites* as authority for holding that actual physical loss of the entire phalange is necessary to an award of compensation for its specific loss. In both *Packer* and *Adomites* this Court expressly rejected the contention that loss of use was sufficient to entitle the plaintiff to such an award. These cases are, therefore, not distinguishable on the grounds urged by plaintiff, but, on the contrary, are directly in point and controlling.

Plaintiff urges that if the above cases are not distinguishable from this they should be overruled because out of harmony with cases involving the loss of a hand (*West* v. *Postum Co., Inc.,* 260 Mich 545; *Kolbas* v. *American Boston Mining Co.,* 275 Mich 616; *Rench* v. *Kalamazoo Stove & Furnace Co.,* 286 Mich 314; *Rupp* v. *Hutter Construction Co.,* 288 Mich 105; *Barnett* v. *Kelsey-Hayes Wheel Co.,* 328 Mich 37; *Lentz* v. *Mumy Well Service,* 340 Mich 1) or loss of an arm or leg (*Stocin* v. *C. R. Wilson Body Co.,* 205 Mich 1; *Reno* v. *Holmes,* 238 Mich 572) in which, as plaintiff contends, substantial loss or loss of industrial use rather than actual physical loss of the entire member is the test which has been applied. Plaintiff suggests that there can be no sound reason for applying a different test to the phalange cases than to the hand or leg cases. The language of the statute does, however, disclose a different legislative intent with respect to the 2 types of cases. *Lovalo* v. *Michigan Stamping Co.,* 202 Mich 85, discusses the particular language of the statute indicating a legislative intent that, in cases of loss of more than 1 finger, loss of industrial use may be deemed, for purposes of compensation, to be the loss of the hand. That particular language is the above-quoted proviso clause to the effect that in no case shall the amount received for loss of more than 1 finger exceed the

amount provided for the loss of a hand.  As pointed out in *Lovalo,* the total compensation provided for the loss of 4 fingers and a thumb is less than that specified for the loss of a hand.  Consequently, the proviso clause would be left meaningless unless construed to evidence a legislative intent that physical loss of something more than 1 finger, but less than the entire hand, may be compensated as for loss of the entire hand, thus opening the door to the application of the test of loss of industrial use of the hand.  No comparable provision of the statute applies to physical loss of less than the entire first phalange and, hence, there is not in the statute the basis existing with respect to loss of hand for applying the substantial loss or loss-of-use test to first phalange cases.  The legislative intent to the contrary is all the more evident from the fact that the statute provides that the loss of more than 1 phalange shall be considered as the loss of the entire finger or thumb, thus indicating that the legislature knew how and would have employed like language to provide that physical loss of less than the entire phalange should be considered loss of the entire phalange, had that been the legislative intent.

With respect to *Stocin* and *Reno,* the arm or leg cases, in which the Court did not expressly apply the loss of industrial use, but, rather, the substantial loss test, it is to be noted that after decisions therein the legislature stepped in to clarify the situation by amending the statute to specify the exact location, in terms of inches below the elbow or knee, demarking the point of difference between loss of hand or arm and between loss of foot or leg,* thus forcing the tests of substantial loss or loss of industrial use out of the picture with respect to the loss of those particular members.  This tends to accentuate the

---

* Added by PA 1927, No 63, p 80.—REPORTER.

legislative intent that actual physical loss, as distinguished from loss of industrial use, is the test which the legislature intended to be applied in specific loss cases, except in the 1 instance where the question is whether compensation is to be for loss of fingers and thumb or for loss of hand, in which, as above noted, the proviso clause permits of application of a test other than that of actual physical loss. (Statute also makes express provision for a different test for loss of an eye.*)

The award should be affirmed.

Carr and Kelly, JJ., concurred with Dethmers, C. J.

Kavanagh, J. Plaintiff, a 16-year-old boy without a working permit, received an injury arising out of and in the course of his employment. It necessitated amputation of 2/3 of the distal phalange of his left thumb. Defendants concede that what remains of that phalange is of no more value to him than if it had been removed at the joint. He was paid compensation for 2 weeks while disabled and then compensation benefits were stopped because there was no further loss of wage-earning capacity, at least not on that job. Plaintiff's claim for compensation is for specific loss of 1/2 of his thumb under the statute. He appeals from the order of the appeal board affirming the award of the hearing referee which denied compensation for specific loss.

The only question presented to this Court is: Does amputation of a major portion of the distal phalange of one's thumb, causing a loss of the industrial use of the entire phalange, constitute loss of the first phalange as provided in CLS 1954, § 412.10 (Stat Ann 1955 Cum Supp § 17.160)?

---

* Added by PA 1943, No 245, p 431.—Reporter.

There is no question that the Chief Justice has reached a correct result under existing Michigan law. The big question is whether the decisions creating this law are sound or whether this line of cases should be overruled.

We do not consider that it would serve any useful purpose so far as the bench and bar of this State are concerned to restate the reasons why we feel we should not in this case be governed by the above cited precedents, nor do we consider it necessary to repeat the reasons why a liberal interpretation of the workmen's compensation law should prevail. We content ourselves by making reference to the lengthy and scholarly remarks on these 2 subjects made by Justice SMITH in the case of *Wieda* v. *American Box Board Co.,* 343 Mich 182, 191; Justices BLACK and SMITH in *Sheppard* v. *Michigan National Bank,* 348 Mich 577, 582; and Justice VOELKER in *Van Dorpel* v. *Haven-Busch Co.,* 350 Mich 135.

A more realistic interpretation of the Michigan statute and, incidentally, one adopted by the States of New York and Illinois, each of whom have statutes similar to our own, is that amputation of any portion of the distal phalange which results in loss of industrial use of the entire phalange is sufficient to warrant compensation for loss of 1/2 of the thumb, as provided in the statute.

In the leading case on this subject, *In re Petrie,* 165 App Div 561, 563 (151 NYS 307, 308), the court said:

"To get the true spirit of the act, we have only to read the 'phalange' clause in full, where, after providing that the loss of the first phalange shall 'be considered to be equal to the loss of 1/2 of such thumb or finger,' it continues: 'The loss of more than 1 phalange shall be considered as the loss of the entire thumb or finger,' et cetera. That is, the loss of any part of the second phalange, however

slight or immaterial, shall be construed as a loss of the entire finger, and yet we are asked to hold that in the case of the first phalange the destruction must be entire to warrant a holding that this constitutes a loss of 1/2 of the finger.  *  *  *  After the first phalange is gone, what remains of the second, be it greater or less, is comparatively unimportant, yet the statute clearly and unmistakably provides that, where the loss involves 'more than one phalange,' the loss of the whole finger shall be held to have resulted.  This, it seems to us, is a legislative construction upon the clause here under consideration. The substantial injury of the first phalange, requiring amputation, is to be understood as involving the loss of 1/2 of the finger, and, if the injury extends beyond the first phalange, then it is to be construed as involving the entire finger.  No intelligent reason, we believe, can be suggested why the legislature should provide that the loss of any part of the second phalange should result in an award for the full value of the finger, while a like substantial injury to the first phalange should not carry an award for 1/2 of the finger, where the statute has attempted to provide the standard by which the compensation should be awarded, and has provided for an award in the case of 1/2 the loss of the finger, in connection with a provision for an award for the full loss." (Affirmed, *In re Petrie,* 215 NY 335 [109 NE 549].)

See, also, 8 NCCA 352, 354.

Mr. Justice Stone writing in *E. E. McMorran & Co.* v. *Industrial Commission,* 290 Ill 569 (125 NE 284), said in referring to the *Petrie Case,* cited above (p 571):

"This, we believe, is a reasonable construction of such provision."

It is interesting to note that Michigan was once on the right track in regard to this subject.  This is pointed out in the dissenting opinion of Justice NORTH and concurred in by Justice CLARK in *Fanning*

v. *W. E. Wood Co.,* 255 Mich 618, 620, 621, where it was said:

"Construction of the statute quoted in Justice Mc-DONALD's opinion necessitates determination of what constitutes 'loss of the first phalange.' Does it mean severance *in toto,* or in a practical sense should it be held to be the loss of such a major portion of the phalange that the remainder is of no practical value in an industrial sense? In *Reno* v. *Holmes,* 238 Mich 572, we committed ourselves to the latter rule. Mr. Justice FELLOWS, writing for the Court, quoted (p 575) with approval from *Payne* v. *Industrial Commission,* 296 Ill 223 (129 NE 830), the following:

" 'The loss of any substantial portion of a leg constitutes the loss of the leg within the meaning of the compensation act, and the necessary amputation of the leg 10 inches above the ankle joint will entitle the employee to compensation for loss of the leg.' (Syllabus.)

"Justice FELLOWS added:

" 'We are persuaded that we should follow that holding. To hold that one had lost only a foot unless the leg was amputated at the extreme upper part would not comport with the common acceptance of the language used by the legislature or the beneficent purposes of the act.'

"The commission in deciding the instant case followed this interpretation of the statute. A similar provision in the New York statute has been so construed. *In re Petrie,* 215 NY 335 (109 NE 549). The award of the commission should be affirmed, with costs to appellee."

For the reasons above set forth we overrule the decisions of this Court in conflict with the position that the amputation of a major portion of the distal phalange of one's thumb, causing a loss of the industrial use of the entire phalange, constitutes loss of the first phalange. The order of the appeal board and the hearing referee is reversed and the case is

remanded for entry of an order in accordance with this opinion.

SMITH, BLACK, EDWARDS, and VOELKER, JJ., concurred with KAVANAGH, J.