164 So. 216

**HILL GROCERY CO. v. LIGON.**

6 Div. 664.

Court of Appeals of Alabama.

June 28, 1935.

Rehearing Denied Aug. 27, 1935.

Reversed after Remandment Nov. 19, 1935.

Evans Dunn, of Birmingham, for appellant.

W. A. Denson, of Birmingham, for appellee.

BRICKEN, Presiding Judge.

This is a petition for a certiorari by the Hill Grocery Company, to review a decree of the circuit court of Jefferson county, Ala., awarding compensation to the respondent, Paul Ligon. The facts are substantially without dispute, and the finding of facts made by the court below is supported by the bill of exceptions.

The record discloses that the appellee is a child of ten years of age. During the summer vacation in 1929, he was employed intermittently by the Hill Grocery Company. The child testified: "I was grinding sausage at different times, every time he needed me. I couldn't tell you how long that had been going on when I got hurt, but just at different times he needed me." On cross-examination the child testified: "Different weeks I would work a different number of days. He didn't pay me by the week. I would work on an average about three days a week. * * * I have made about twenty-five cents each time I ground a sausage. I worked about an hour." We have quoted from the record because the testimony in this respect is without dispute, and we think it conclusively shows both shortness of the time during which the employee had been in the employ of his employer and the casual nature of the terms of employment within the meaning of subsection (g) of section 7551 of the Code.

The index finger, the middle finger, and the third finger on the child's hand were amputated as the result of the accident. The little finger and thumb on the hand were left.

Dr. W. T. Berry testified respecting the injury as follows: "I examined this boy, Paul Ligon. I think the hand is practically useless. I would say it is permanently and totally disabled. * * * I find that he has his middle finger, ring finger, and first finger off. * * * There is no injury to the little finger. I think the little finger is all right and is intact. * * * The thumb seems to be all right. I don't think any part of the thumb is missing. * * * I don't notice any injury to the body or palm of the hand, the palm surface of the hand. * * * I don't think what he has left of the hand will be of any service to him whatever. * * * For working purposes he is totally disabled with that hand on account of the cutting off of the three middle fingers."

The child's hand was exhibited to the court. The court below in its finding of facts and conclusion of law, in estimating the plaintiff's average weekly earnings, gave regard, as the statute requires, to the average weekly earnings to a person in the same grade and employed in the same work by the same employer, in the same district, and found that the average weekly earnings of such person was $12 per week.

The Hill Grocery Company claims that it is only liable to pay $63.75. The child claims he is entitled to recover $1,237.50, and has made a cross-assignment of error on the record. The court below awarded compensation at the rate of $2.50 a week for a period of one hundred and fifty weeks, a total of $375.

Subsection (g) of section 7551 of the Code 1923 reads as follows: "(g) Compensation hereunder shall be computed on the basis of the average weekly earnings. Average weekly earnings shall mean the earnings of the injured employee in the employment in which he was working at the time of the injury during the period of fifty-two weeks immediately preceding the date of the injury divided by fifty-two; but if the injured employee lost more than seven consecutive calendar days during such period although not in the same week, then the earnings for the remainder of such fifty-two weeks shall be divided by the number of weeks remaining after the time so lost has been deducted. Where the em-

ployment prior to the injury extended over a period of less than fifty-two weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof which the employee earned wages shall be followed, provided results just and fair to both parties will thereby be obtained. Where by reason of the shortness of the time during which the employee has been in the employment of his employer, or the casual nature or terms of the employment, it is impracticable to compute the average weekly earnings as above defined, regard shall be had to the average weekly amount which during the fifty-two weeks prior to the injury was being earned by a person in the same grade, employed at the same work by the same employer, and if there is no such person so employed, by a person in the same grade employed in the same class of employment in the same district. Wherever allowances of any character made to an employee in lieu of wages are specified as part of the wage contract, they shall be deemed a part of his earnings."

In subsection (c) of section 7551 of the Code 1923, it is provided that for permanent, partial disability the compensation shall be based upon the extent of such disability. In cases included in the following schedule, the compensation shall be that named in the schedule, to wit: "For the loss of a first finger, commonly called index finger, fifty per cent of the average weekly earnings during thirty-five weeks. For the loss of a second finger, fifty per cent of the average weekly earnings during thirty weeks. For the loss of a third finger, fifty per cent of the average weekly earnings during twenty weeks. * * * For the loss of a hand fifty per cent of the average weekly earnings during one hundred and fifty weeks. * * * Where an employee sustains concurrent injuries resulting in concurrent disabilities, he shall receive compensation only for the injury which produced the longest period of disability. * * * In all cases the permanent and toal loss of the use of a member shall be considered as equivalent to the loss of that member, but in such cases the compensation in and by said schedule shall be in lieu of all other compensation."

■ We therefore conclude that the trial court correctly ruled that this child is entitled to recover for the loss of a hand, as the total loss of the use of a member is by the statute made equivalent to the loss of that member.

■ Appellant claims that a provision in subsection (a) of section 7551 of the Code, which provides that, "If at the time of injury the employee received average weekly earnings of less than five dollars per week, then he shall receive the full amount of such average weekly earnings per week," controls the amount of compensation appellee is entitled to recover in this case. Under the showing made by the record we do not construe the appellee's weekly earnings to be less than $5 per week. It is clear to us that he was paid 25 cents each time he helped the butcher grind sausage, except such times as he was paid 10 cents. The child was of school age and worked off and on during vacation. It is perfectly clear that his employment was of a casual nature, and we are of the opinion that the court below was required by subsection (g) of section 7551 of the Code to have regard to the average weekly amount which was being earned by a person in the same grade, employed at the same work by the same employer, and if there was no such person so employed in the same class of employment, by a person in the same class of employment in the same district. We are further of the opinion that when a school child is casually employed to do work that should be done by a man, and is injured in the performance of that service, the child's compensation should be the same as a person employed in the same grade, employed at the same work by the same employer, or if there is no such person so employed, by a person in the same grade employed in the same class of employment in the same district.

The loss of a hand is classified by the statute as a permanent, partial disability. The maximum rate of compensation is fixed at $12 per week, and the minimum number at $5 per week. We have carefully searched this record for evidence that would sustain the court's conclusion that the average weekly earnings of a person in the same grade and employed by the same employer in the same district was $12 per week, and we have been unable to find a scintilla of evidence in the record supporting that conclusion. The decree here sought to be reviewed is therefore erroneous.

The opinion here prevails that appellee is entitled to recover 50 per cent. during one hundred and fifty weeks of the average weekly amount which was being earned by a person in the same grade employed at the same work by the same employer; and if

there was no such person so employed, by a person in the same grade employed in the same class of employment in the same district, subject to the maximum of $12 per week.

The writ of certiorari is granted, the decree appealed from is reversed, and the cause is remanded to the court below to hear and determine that question.

The cost of this proceedings will be taxed against the petitioner, appellant.

Writ granted. Reversed and remanded.

### After Remandment.

#### PER CURIAM.

Under the provisions of section 7318 of the Code of 1923, the decisions of the Supreme Court shall govern the holdings and decisions of this court; therefore the opinion of the Supreme Court in the instant case must prevail, and the decision of this court heretofore rendered must be modified to meet the holding of the Supreme Court wherein the writ of certiorari was granted and the cause remanded to this court for further consideration. From what has been said, there appears no necessity to restate the facts upon which the conclusion of this court on the facts rested. This court affirmed the findings of the trial court in this connection. That court on different occasions pending the trial carefully examined the injured hand of the plaintiff, and from these examinations, coupled with the testimony of the attending surgeon, held that the hand was permanently and totally disabled. A total loss. The attending surgeon testified in reference to the condition of the hand: "I would say it is permanently and totally disabled. * * * I don't think he would have any use of it. * * * I don't think what he has left of the hand will be of any service to him whatever." The Supreme Court, however, held in its opinion, that, "this court has erroneously applied the law to the undisputed facts so declared." And, further, for the loss of the three fingers the allowance is 50 per cent. of the average week's earning for a total of eighty-five weeks, and not for the one hundred and fifty weeks as allowed by this court.

As stated in our original opinion, we have carefully searched this record for evidence that would sustain the court's conclusion that the average weekly earnings of a person in the same grade and employed by the same employer in the same district was $12 per week, and we have been unable to find a scintilla of evidence in the record supporting that conclusion. The decree here sought to be reviewed is therefore erroneous.

The writ of certiorari is granted, the decree appealed from is reversed, and the cause is remanded to the court below to hear and determine evidence as to the average weekly amount which was being earned by a person in the same grade, employed at the same work by the same employer, and, if there was no such person so employed, by a person in the same grade employed, in the same class of employment in the same district, subject to the maximum of $12 per week, and, as provided in the opinion of the Supreme Court, supra, the injured party is entitled to recover for 85 weeks, at that rate.

Writ granted.

Reversed and remanded.