(No. 12831.—Reversed and remanded.)

Edward E. McMorran & Co., Plaintiff in Error, *vs.* The Industrial Commission *et al.*—(Alfred A. Habel, Defendant in Error.)

*Opinion filed December 17, 1919.*

Workmen's compensation—*when loss of tip of finger is not loss of first phalange.* Loss of the tip of a finger, which takes only one-sixteenth of an inch off the end of the bone, is not a loss of the first phalange, such as will justify an award for permanent partial disability, where the injury does not interfere with the use of the distal joint or the entire finger and the tip of the finger is still sensitive to cold and heat.

Writ of Error to the Circuit Court of Cook county; the Hon. Oscar M. Torrison, Judge, presiding.

Gallagher, Kohlsaat & Rinaker, for plaintiff in error.

Mr. Justice Stone delivered the opinion of the court:

This cause is brought to this court on writ of error to the circuit court of Cook county to review a judgment of that court affirming the award of the Industrial Commission.

At the time of the accident in question the plaintiff in error and defendant in error, Alfred A. Habel, were working under and subject to the provisions of the Workmen's Compensation act. The accident arose out of and in the course of the employment. The award was for six dollars for a period of 6¼ weeks for total temporary incapacity for work, and a further award of six dollars per week for a period of 17½ weeks, as provided by paragraph (*e*) of section 8 of the Workmen's Compensation act of 1917, for the reason that the injury sustained caused the loss of the first phalange of the index finger of the right hand. The only issue in this court is to that part of the award which relates to the loss of the first phalange of the index finger.

On August 3, 1917, the defendant in error, while working for the plaintiff in error and engaged in operating a punch press, injured the tip of the first finger of his right hand. The medical testimony shows from an examination of the finger and from X-ray photographs that about one-sixteenth of an inch of the phalange bone of said finger is missing; that the bone is more callous than usual; that the injury did not interfere with the use of the distal joint, which still remains serviceable; that the tip of the finger would continue to be susceptible to cold and heat; that there remained enough of the bone to give Habel the use of the finger.

It is contended by the plaintiff in error that there is no evidence upon which the arbitrator and the Industrial Commission can base an award for the loss of the first phalange of the finger. The question whether the loss of any portion of the first phalange of the finger is to be considered as the loss of the first phalange and award made therefor under paragraph (*e*) of section 8 of the Workmen's Compensation act, or whether such disability is to be considered a temporary disability, has not heretofore been passed upon by this court. Clause 6 of paragraph (*e*) of section 8 of the Workmen's Compensation act provides as follows: "The loss of the first phalange of the thumb, or of any finger, shall be considered to be equal to the loss of one-half of such thumb, or finger, and compensation shall be one-half the amounts above specified." The "amounts above specified" are set forth in clause 2 of paragraph (*e*) of said section 8, as follows: "For the loss of a first finger, commonly called the index finger, or the permanent and complete loss of its use, fifty percentum of the average weekly wage during thirty-five weeks."

Defendant in error has filed no brief or argument in this case, and we are therefore not apprised of his position in the matter. We find, however, upon examination of the abstract, that the judge of the circuit court of Cook county

who passed upon the petition for a writ of *certiorari* indicated that he based his decision on the case of *In re Petri,* 215 N. Y. 335. In the *Petri case* it was held, in construing a provision similar to that of this State above quoted, that the applicant should recover for the loss of the entire first phalange, where, as in that case, the applicant had lost more than one-third of the distal phalange of a finger. The court in the *Petri case* says: "We think we should hold that the provisions of the statute become operative and applicable when it appears that substantially all of the portion of the finger so designated was lost." This, we believe, is a reasonable construction of such provision. The facts in this case, however, are not on all-fours with the *Petri case.* The evidence shows, without contradiction, that the applicant lost but one-sixteenth of an inch off the first phalange of the index finger; that the injury did not interfere at all with the use of the distal joint; that the tip of the finger, while susceptible to cold and heat, did not in any way interfere with the use of the entire finger.

While we are of the opinion that a liberal interpretation should be given to this class of cases, yet such interpretation should not go to the extent of becoming absurd. It cannot be reasonably said that the loss of one-sixteenth of an inch of the first joint of a finger is the loss of the first phalange or that the legislature so intended. There is, therefore, a distinction to be drawn between this case, where but a small tip of the bone was taken without the destruction of the use of the first joint of the finger, and the *Petri case,* where a substantial portion of the first phalange was amputated. That distinction is also borne in mind in the case of *Ide* v. *Faul & Timmins,* 179 N. Y. App. Div. 567, where a workman sustained the loss of one-fourth of an inch of the bone of the index finger and one-eighth of an inch of the bone of a second finger, and an award had been made by the Industrial Commission based on a permanent partial disability. This award was set aside by the decision of the

Supreme Court of New York on the ground that the award for the loss of the first phalange was not justified and that the award should have been for temporary disability, only. The court there distinguishes that case from the *Petri case.* In the case of *Geiger* v. *Gotham Can Co.* 163 N. Y. Supp. 678, it was held that the loss of one-eighth of an inch of the bone of the first phalange of the second finger did not constitute loss of the phalange within the meaning of the Workmen's Compensation act. So in the case of *Thomson* v. *Sherwood Shoe Co.* 164 N. Y. Supp. 869, where a workman lost approximately one-fourth of an inch from the tip of one of his fingers. In the case of *Mockler* v. *Hawkes,* 158 N. Y. Supp. 759, it was held that the loss of the tip of a finger, which loss could be discovered only on examination of an X-ray photograph, was not equivalent to the loss of the first phalange within the meaning of the Workmen's Compensation act. The same has been held to be the rule under a statute similar to that in this State, in the case of *Packer* v. *Olds Motor Works,* 195 Mich. 497, where it was held that the loss of a part of the first phalange of the thumb could not be so construed as to provide for an allowance of compensation for the loss of the entire first phalange of the thumb.

We are of opinion that the circuit court erred in quashing the writ of *certiorari* issued in this cause, and that the Industrial Commission erred in making an award for 17½ weeks, at six dollars per week, for permanent partial disability, as provided in paragraph (*e*) of section 8 of the Workmen's Compensation act. The award of six dollars a week for a period of 6¼ weeks for total temporary incapacity is a proper award.

The judgment of the circuit court will therefore be reversed and the cause remanded to that court, with directions to enter a finding and order not inconsistent with the views herein expressed.

*Reversed and remanded, with directions.*