ANGELO STARCEVICH, Appellee, v. CENTRAL IOWA FUEL COMPANY, Appellant.

No. 39774.

JUNE 24, 1929.

*Sargent, Gamble & Read,* for appellant.

*John T. Clarkson,* for appellee.

EVANS, J.—The plaintiff-employee sustained an injury to his right index finger. In the treatment of the injury in the

first instance, amputation was made at the first joint, the distal phalange being removed. The original injury extended to some extent beyond the first joint. The amputation at the first joint proved insufficient, and a second operation was had, whereby the head of the second phalange was removed. The injury under treatment extended deeper on the inside of the finger than on the outside. The cutting into the bone was deeper on the inside than on the outside. In other words, the second operation took an oblique course. The testimony of the physicians describes the second phalange as one inch in length. The dimensions of that part of the bone removed from the second phalange are estimated at about 1/16 or 1/8 of an inch on the outside, and 3/16 to 1/4 of an inch on the inside.

The one question presented for our consideration is whether the removal of such a limited portion of the second phalange is compensable under Paragraph 6 of Section 1396, Code of 1927, as for the loss of half a finger, or under Paragraph 7 of the same section, as for the loss of the entire finger. The plaintiff contends that he is entitled to recover as for the loss of the entire finger, under Paragraph 7, and the commissioner awarded compensation accordingly; whereas the defendant contends that award should be made under Paragraph 6, and not otherwise. Paragraphs 6 and 7, Section 1396, are as follows:

"6. The loss of the first or distal phalange of the thumb or of any finger shall equal the loss of one half of such thumb or finger and compensation shall be one half of the time for the loss of such thumb or finger.

"7. The loss of more than one phalange shall equal the loss of the entire finger or thumb."

The argument for the defendant, as appellant, is that Paragraph 7, above quoted, applies only when the employee sustains the loss of a *substantial portion* of the second phalange, and that the extent of amputation of the second phalange in this case did not amount to a substantial portion, within the meaning of the statute. Reliance is had upon our holding in *Brugioni v. Saylor Coal Co.*, 198 Iowa 135. It is argued that we held definitely, in the cited case, in support of defendant's present contention. On the other hand, the plaintiff also relies upon the *Brugioni* case,

and urges that it holds against the position taken by the appellant.

The terms of Paragraphs 6 and 7 are quite simple, and were intended to be such. Paragraph 6 provides that the loss of the first phalange ''shall equal the loss of one half of such thumb or finger.'' Paragraph 7 provides: ''The loss of *more than one phalange* shall equal the loss of the entire finger.'' In the *Brugioni* case, we held that a loss in excess of the first phalange was a loss of *more* than one phalange, even though it were less than the loss of two phalanges. In that case, encroachment had been made upon the second phalange to the extent of 1/8 to 1/4 of an inch. We held that such loss was more than one phalange, within the meaning of Paragraph 7. We did not in that holding purport to qualify the language of the statute by comparative terms. Our discussion was strictly responsive to the arguments of opposing counsel, and refrained from any pronouncement beyond the scope of such argument. The opinion discloses the respective attitudes in argument of opposing counsel. The argument for the employer was that Paragraph 7 came into operation only when *substantially all* of the second phalange had been lost. On the other hand, the argument for the employee was that such paragraph came into operation upon the loss of a *substantial portion* of the second phalange. The word ''substantial'' was of the mutual adoption of opposing counsel, and it answered the purpose of their argument. The word was not of our choosing, nor did we make any pronouncement thereon as a qualifying word. We held that it was not essential to the operation of Paragraph 7 that substantially all of the second phalange should be lost. This rejected the employer's contention. We also sustained the contention of the employee that the loss of a substantial portion of the second phalange was enough to bring into operation Paragraph 7. This was the full contention for the employee. We had no occasion to consider whether the employee could have contended for a more liberal interpretation. That the loss of 1/8 to 1/4 of an inch of the second phalange was the loss of a substantial portion thereof was not challenged in that case. Upon that state of the argument, we held, impliedly at least, that the loss of 1/8 to 1/4 of an inch was the loss of a substantial portion. Whether this paragraph should be qualified by the term ''sub-

stantial" was not before us, nor was any pronouncement volunteered thereon. We said:

"To put the dispute in still another form, and to indicate the nearest approach of the contending parties, the plaintiff concedes that the loss of a slight portion of the second phalange might not bring the case within the operation of Paragraph 7; but he contends that the loss of any *substantial portion* of the second phalange does bring the same within the seventh paragraph. On the other hand, the defendant concedes that the loss of the second phalange need not be absolutely complete, in order to bring the case within the operation of Paragraph 7; but it contends that the loss must extend to *substantially all* of such phalange. So the plaintiff declares for a *substantial portion* as the criterion; and the defendant for *substantially all*."

It will be noted that the litigants adopted the word "substantial" as common ground in that case. We said further:

"The very purpose of the Workmen's Compensation Act is to fix definite rules for the measuring of compensation for specific injuries. To that end, it is essential that simple words be simply construed, and that definite terms be not opened up to indefinite construction. The statute is always subject to amendment by the legislature. It is important that it be not amended by judicial construction. We sustain the construction contended for by the plaintiff, as being the simpler and more natural construction of the terms used."

In the case at bar, the question is squarely presented whether Paragraph 7 should be opened up to qualifying terms. The word "substantial" is a flexible word. It is essentially indefinite, and implies variation and degree. If we read it into the statute, do we thereby render the statute more understandable? Do we simplify it thereby? Do we render the statute narrower or broader? The statute was intended to be definite. It draws definite lines. A line is necessarily arbitrary. These lines are drawn for the specific guidance of the industrial commissioner. Its classifications do not purport to be subject to the discretion of the commissioner. It may be true that the loss to the second phalange may, in a given case, be so infinitesimal as to be no loss at all. That is not the question here. Are we to open up the

794

definite statement of Paragraph 7 to a roving definition of what constitutes a ''substantial portion'' of the second phalange? We are of opinion that to qualify Paragraph 7 in the manner indicated is to impair it, and is to confer upon the commissioner a burdensome discretion not contemplated by the Compensation Act. It is our conclusion that the injury under consideration came under the provisions of Paragraph 7, and that the commissioner ruled properly thereon.

Such was the judgment of the district court, and its order is—*Affirmed.*

ALBERT, C. J., and KINDIG, WAGNER, and GRIMM, JJ., concur.