494

(No. 2918—⬛⬛⬛⬛⬛⬛)

Max Sieloff, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed June 3, 1937.*

Joseph S. Perry, for claimant.

Otto Kerner, Attorney General; Murray F. Milne, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

Claimant was employed as a laborer in the Division of Highways of the State of Illinois, and while engaged in operating a power mower on September 5, 1935 the thumb of his right hand became enmeshed in a chain on a sprocket wheel attached to said mower. The end of the bone was cut and it required two stitches to pull the finger together over the end of the bone. Measurement of the thumb discloses that the injured thumb is now approximately three-sixteenths of an inch shorter than the thumb on the left hand. Claimant testified that just a little bit of the finger nail was left. He received medical attention over a considerable period and incurred a total bill therefor in the sum of Fifty ($50.00) Dollars, payable to Dr. J. R. Tobin of Elgin. The State Highway Office reports that claimant returned to work November 21, 1935. Plaintiff by his claim seeks an award for temporary total incapacity for one month and twenty-two days, Fifty ($50.00) Dollars doctor's bill incurred, and also Three Hundred Ninety-three and 75/100 ($393.75) Dollars for the total loss of the first phalange of the thumb on his right hand. Plaintiff was unmarried at the time of the accident and his wages are determined on a basis of Four ($4.00) Dollars per day and two hundred days employment per year, making Eight Hundred ($800.00) Dollars per year or Fifteen and 38/100 ($15.38) Dollars per week.

Under the holdings of the Supreme Court and previous decisions of this court we find that claimant is not entitled to any compensation for the loss of the portion of the thumb

suffered in said accident, as the record discloses that he lost but three-sixteenths of an inch from such phalange and that no award is due for a portion of such first phalange under Section 8 (e) 6 of the Workmen's Compensation Act.

*McMorran & Co.* vs. *Ind. Com.,* 290 Ill. 569.

*Nelson* vs. *State,* 8 C. C. R. 70.

Claimant is entitled to an award for the medical expense incurred by him in the care of his thumb, in the sum of Fifty ($50.00) Dollars, and he is further entitled to compensation for temporary total incapacity for eleven (11) weeks at fifty (50) per cent of Fifteen and 38/100 ($15.38) Dollars, or Eighty-four and 59/100 ($84.59) Dollars.

An award is therefore hereby entered as follows:

To Max Sieloff for temporary total incapacity................$84.59

Max Sieloff for use of Dr. J. R. Tobin.................... 50.00.

This award being subject to the provisions of an Act entitled, *"An Act making an appropriation to pay compensation claims of State employees and providing for the method of payment thereof,"* approved July 2, 1935 (Sess. Laws 1935 p. 49), and being, by the terms of such Act, subject to the approval of the Governor, is hereby, if and when such approval is given, made payable from the appropriation from the Road Fund in the manner provided in such Act.