(No. 24179.—

THE MACON COUNTY COAL COMPANY, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(RICHARD HENRY FARRAR, Plaintiff in Error.)

*Opinion filed December 15, 1937.*

ROBERT H. ALLISON, and THURLOW G. LEWIS, for plaintiff in error.

MONROE & ALLEN, for defendant in error.

Mr. JUSTICE ORR delivered the opinion of the court:

Richard Henry Farrar, an employee of the Macon County Coal Company, was injured in an accident arising out of and in the course of his employment. At the hear-

ing on his claim for compensation before the arbitrator it was stipulated that the employer and employee were operating under the provisions of the Workmen's Compensation act on the date of the accident, that Farrar had sustained an injury arising out of and in the course of his employment, and that temporary compensation for the injury had been paid. The only questions before the arbitrator were the nature and extent of disability and the compensation rate. At the time of the accident Farrar was earning $26.30 per week. The arbitrator found he was entitled to receive $13.15 per week for a period of four and four-sevenths weeks for temporary disability and the same sum for a further period of seventeen and one-half weeks, or $230.12, for fifty per cent permanent loss of the use of the second finger on his right hand. This award was affirmed by the Industrial Commission but the circuit court of Macon county, on *certiorari,* ordered it set aside because Farrar had not sustained a permanent and complete loss of the use of his finger. We awarded a writ of error to review that decision.

The injury suffered by Farrar resulted in the severing of the end of the second finger on his right hand. One third of the bone of the distal phalange was removed by the doctor and the finger at present is three-eighths of an inch shorter than the corresponding finger on his left hand. The nail has grown back and is now half of its former size and the flesh at the end of the finger has been restored to a point approximately even with the end of the nail. As to loss of use of the phalange, Farrar testified that the finger was tender and that there was a limitation in the flexion of the first joint. In its petition for review before the commission, defendant in error admitted that Farrar was entitled to an award for thirty-five per cent of the amount allowed by the statute for loss of the first phalange of the second finger, or $161.09, but denied liability in excess thereof.

The Workmen's Compensation act provides that compensation shall be paid "for the loss of a second finger, or the permanent and complete loss of its use, fifty percentum of the average weekly wage during thirty-five weeks." (Ill. Rev. Stat. 1937, chap. 48, par. 145(e)3.) The loss of the first phalange of any finger is to be considered equal to the loss of one-half of such finger and compensation apportioned accordingly. (Ill. Rev. Stat. 1937, chap. 48, par. 145(e)6.) No legal basis exists for an award based upon thirty-five per cent of the loss of a finger. The findings of the arbitrator and Industrial Commission that the injury amounted to the loss of the first phalange of the second finger were well within the range of the evidence and should not have been reversed by the circuit court, especially in view of a virtual admission of partial liability by defendant in error. We have repeatedly pointed out that conclusions of the Industrial Commission on questions of fact will not be disturbed unless contrary to the manifest weight of the evidence. (*Monark Battery Co.* v. *Industrial Com.* 354 Ill. 494; *Ford Motor Co.* v. *Industrial Com.* 357 id. 401; *Panther Creek Mines* v. *Industrial Com.* 347 id. 348.) Here, there was an actual and undisputed loss of a substantial portion of an employee's finger, which entitled him to statutory compensation as if he had lost one-half of such finger. The judgment which denied any compensation to the employee and taxed the costs of review against him was palpably erroneous. This case is distinguishable from *McMorran & Co.* v. *Industrial Com.* 290 Ill. 569, where only a small tip (one-sixteenth of an inch) of the finger bone was destroyed.

The judgment of the circuit court of Macon county is reversed and the cause is remanded to that court, with directions to enter an order confirming the order of the Industrial Commission.

*Reversed and remanded, with directions.*