(No. 25839.—▬▬▬▬▬▬)
THE HANSELL-ELCOCK COMPANY *et al.* Defendants in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(EDWARD HETKE, Plaintiff in Error.)

*Opinion filed February 14, 1941—Rehearing denied April 8, 1941.*

Augustine J. Bowe, and William J. Bowe, (John D. Casey, of counsel,) for plaintiff in error.

Peregrine & Bruegger, for defendants in error.

Mr. Justice Wilson delivered the opinion of the court:

Edward Hetke filed an application for adjustment of claim with the Industrial Commission, alleging that he had become disabled from silicosis while employed as an iron molder by the Hansell-Elcock Company. The arbitrator, finding that he had sustained a disablement, not as yet permanent, awarded him compensation. On review, the Industrial Commission found that Hetke had sustained a disablement, set aside the arbitrator's award, and awarded him compensation for successive periods of temporary total, and partial incapacity. The superior court of Cook county set aside the decision of the commission as contrary to the manifest weight of the evidence and because there was no finding that the disablement resulted from silicosis, and remanded the cause for further proceedings. Thereafter, the commission heard additional evidence, found that Hetke had sustained a disablement by reason of the occupational disease of silicosis complicated with tuberculosis, and awarded

him compensation for separate periods of temporary total incapacity, partial incapacity, and total and permanent disability, together with a pension during his lifetime. The superior court reversed and set aside the second decision of the commission, holding it to be contrary to the manifest weight of the evidence. A writ of error has been granted and the cause is before us for a further review.

Edward Hetke, forty-four years of age, was employed as an iron molder by Hansell-Elcock Company, in Chicago, from August, 1936, to September 9, 1937. In this occupation, which he had pursued during the previous seventeen years, Hetke handled both moist and dusting sand without a mask and, consequently, inhaled silica dust. It is stipulated that the parties operated under the provisions of the Workmen's Occupational Diseases act (Ill. Rev. Stat. 1939, chap. 48, par. 172.1, *et seq.*, p. 1587) from its effective date, October 1, 1936. Under section 23, (par. 172.23,) an employee, who had contracted but was not disabled from silicosis or asbestosis on the effective date of the act, might waive one-half of the compensation payable for disability or death resulting from further exposure to either disease, by filing a petition, supported by medical evidence, and obtaining its approval by the Industrial Commission. Conformably to this section and the instructions of Bituminous Casualty Corporation, its insurance carrier, Hansell-Elcock Company caused its employees to be examined. November 30, 1936, it filed petitions for waiver of full compensation, accompanied by medical reports, in behalf of eleven employees including Hetke, who had been examined three times. Subsequently, another insurance company, preparatory to becoming the new insurance carrier for the employer, announced that certain of these men were not desirable risks, and Hetke thereupon was discharged on September 9, 1937. October 4, 1937, the employer requested the Industrial Commission not to hold a previously arranged hearing on the petitions and to place them in its

inactive file because the new carrier desired that they be canceled. It does not appear that the commission ever acted upon the petitions.

Immediately following his discharge, Hetke sought similar work but after a medical examination was rejected. October 27, 1937, he entered the Municipal Tuberculosis Sanitarium of Chicago and, shortly thereafter, complained of a pain in his side and of shortness of breath when walking rapidly. His work prior to August, 1936, had caused him to be exhausted in the evenings and employment was obtained with the Hansell-Elcock Company in order to avoid the strain, but until his hospitalization he had disregarded pains. February 21, 1938, Hetke was released from the sanitarium and from March 9, until September or October, 1938, sold rug cleaners and air purifiers as a house to house canvasser. In this work he tired easily, was compelled to rest twice daily during working hours, and when ascending stairs experienced great difficulty with his heart and breathing. Because of his condition he was compelled to leave this employment. He has since worked only in the month of June, 1939, picking berries in southern Michigan, has been on relief and, at times, has received financial assistance from his daughter, who was sixteen years of age at the time of the disablement. A gain of twenty pounds during his stay in the sanitarium has since been counteracted by a subsequent loss of thirty pounds.

The single issue for consideration is whether the decision of the Industrial Commission was contrary to the manifest weight of the evidence. Determination of this question requires a review of the testimony of the medical witnesses. Two doctors, who had examined Hetke, testified in his behalf, and five doctors, one of whom had examined him, and four of whom interpreted X-ray films, testified in behalf of the employer and the insurance carrier, the defendants in error.

The effect of the testimony in behalf of Hetke was that Hetke's disablement was caused by silicosis complicated by tuberculosis. The medical testimony for the defendants in error was to the effect that Hetke suffered only from tuberculosis. The opinion that silicosis is an occupational hazard of iron molding was not disputed, except negatively by one witness for the defendants in error, who merely denied having noted this hazard in his personal experience with iron molders. One of the doctors testifying for Hetke expressed the opinion that there is a relationship between silicosis and tuberculosis, the percentage of persons afflicted with the latter being greater among those having silicosis. The testimony in behalf of the defendants in error was conflicting upon this question. One witness stated that the breathing of silica dust in the occupation of a molder may activate latent tuberculosis, whereas another asserted that this effect is possible only if silicosis is present. A third witness admitted that silicosis in its advanced stages predisposes a patient toward tuberculosis and expressed no opinion regarding its effect in the earlier stages. Another doctor denied any causal relation between the two diseases, and a fifth specialist categorically disagreed with the opinion that silica dust in the occupation of a molder may excite a latent condition in the lung.

The medical testimony was particularly divergent upon whether X-ray films introduced in evidence disclosed markings diagnostic of silicosis in the mid-lung areas where, it was agreed, silicotic nodules first appear. Both of the doctors testifying for Hetke found apparent in the medial lung fields in the X-ray films a mottled fibrosis and nodules diagnostic of silicosis when considered in the light of his occupational history, and one explained that he had mentioned only tuberculosis in an earlier report because he considered it to be the active danger at the time. The witnesses for the defendants in error, on the other hand, denied the pres-

ence in these areas of any markings not normally found there. On cross-examination, one doctor, after distinguishing certain markings as discrete calcified nodules rather than discrete nodules of silicosis because they were not found in the main lung fields, admitted the presence of discrete nodules in those areas. A second witness asserted that silicotic nodules differ from calcified spots in size, density and distribution, each being a very important distinction. On cross-examination, he conceded that a number of markings throughout the lung fields of the chest were of the same size and shape as he had designated for silicotic nodules. Insisting that these were calcified spots, he first asserted that they lacked the even distribution of silicotic nodules and, later, stated that the difference lay in their density.

Defendants in error place emphasis upon certain medical reports concerning Hetke, wherein only tuberculosis is mentioned. We have examined these reports and find them to have been rendered with this proceeding in view or to have been issued for purposes requiring only the mention of the disease which was actively disabling at the time. Moreover, another report, made in 1936 by a present witness for the defendants in error, caused the filing of Hetke's waiver of full compensation under the Occupational Diseases act and, almost a year later, his discharge as a poor risk for occupational diseases insurance.

The rule has been well established that it is the province of the Industrial Commission to draw reasonable inferences and conclusions from the evidentiary facts, and the courts are not privileged to set aside the findings of the commission unless they are manifestly against the weight of the evidence. (*Olympic Commissary Co.* v. *Industrial Com.* 371 Ill. 164; *Czerny* v. *Industrial Com.* 369 id. 275; *International Sales Co.* v. *Industrial Com.* 365 id. 436; *Board of Education* v. *Industrial Com.* 362 id. 263.) Where ex-

pert witnesses strongly disagree the court cannot undertake to determine with technical accuracy where the preponderance of the evidence lies. (*Macon County Coal Co.* v. *Industrial Com.* 374 Ill. 219; *Monark Battery Co.* v. *Industrial Com.* 354 id. 494.) In view of Hetke's prolonged exposure to the hazard of silicosis, the filing in his behalf of a petition for partial waiver of compensation for disability therefrom, his discharge as a poor occupational diseases insurance risk, his evident disablement, and the sharply conflicting testimony of the medical witnesses, we are unable to say that the decision of the Industrial Commission was palpably against the weight of the evidence.

*Liberty Foundries Co.* v. *Industrial Com.* 373 Ill. 146, cannot avail the defendants in error. It was not there held to be the burden of the employee, as they maintatin, to prove that his occupational disease originated in the service of the employer sought to be charged rather than of a previous employer. On the contrary, the contention there made by the employer, that section 25 of the act contravenes the constitutional guarantee of due process by precluding a showing of the origin of the disease in the service of a prior employer, was held to be without merit. It is evident upon the record that Hetke was exposed to the hazard of silicosis for more than the period required to contract the disease, was last exposed to the hazard in the employment of the employer herein, and has become disabled.

The judgment of the superior court of Cook county is reversed, and the cause remanded, with directions to confirm the award of the Industrial Commission.

*Reversed and remanded, with directions.*