(No. 28840.—

CINCH MANUFACTURING CORPORATION, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JOSEPH M. GRILLS, Plaintiff in Error.)

*Opinion filed January 23, 1946—Rehearing denied March 14, 1946.*

NATHAN BOGOLUB, (CHARLES D. SNEWIND, of counsel,) both of Chicago, for plaintiff in error.

McNAMARA, GREENE & O'BRIEN, (JOHN A. NORDSTRAND, of counsel,) both of Chicago, for defendant in error.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiff in error, Joseph M. Grills, was an employee of Cinch Manufacturing Corporation. It is stipulated that on December 26, 1942, he was injured by reason of an accident arising out of and in the course of his employment; that the relationship of employer and employee existed; that notice of claim had been made within the time provided by law; what the amount of his wages were and what his family relationship was, and that an agreed amount for temporary disability had already been paid as compensation. The only question in dispute is whether plaintiff in error was still suffering disability at the time he filed his application for additional compensation.

Plaintiff in error was employed as an electroplater and was injured by inhaling fumes from a zinc-plating tank, which resulted in hydrocyanic acid poisoning. The ingredients of the tank were sodium cyanide, zinc cyanide, sodium carbonate and a brightening agent (sodium hydroxide), and when the sludge is removed hydrocyanic fumes are thrown off. The injury occurred December 26, 1942. No question is raised as to the occurrence of the accident disabling him on that date. He was under medical treatment and in the hospital a part of the time until March 21, 1943, when he returned to work, apparently cured. It is claimed the disability caused by hydrocyanic poisoning recurred on July 9, 1943. The employer denied the recur-

rence of the disability. This was the sole question involved in the hearing before the arbitrator and commission, and was the sole issue between the parties. There seems to be no dispute but that an injury from the absorption of noxious gases and poisons is compensable. *Armour & Co.* v. *Industrial Com.* 367 Ill. 471; *Matthiessen & Hegeler Zinc Co.* v. *Industrial Com.* 284 Ill. 378.

A hearing before the arbitrator resulted in an award to plaintiff in error and a finding that he was wholly and permanently incapacitated for work, and that the amount to which he is entitled is $16.50 per week for 296 weeks, and one week at $11, and thereafter a pension for life in the sum of $32.63 per month. On review by the commission and additional evidence being taken, the award of the arbitrator was confirmed. On *certiorari* the superior court of Cook county overruled the commission and made a finding that plaintiff in error was not totally nor permanently disabled as the result of the accident, but on the contrary that he had fully recovered from any disability which he may have suffered or sustained as a result of the accident, and set aside the decision of the Industrial Commission as contrary to law and against the weight of the evidence. The question in this case is whether the finding of the commission was so manifestly against the weight of the evidence as to justify the court in reversing it.

We have held both in compensation cases and in cases arising under the Occupational Diseases Act that the determination of facts is left to the Industrial Commission, and that it is not within the province of the court to disturb the findings of fact made by the Industrial Commission unless manifestly against the weight of the evidence. Some of the cases so holding under the Workmen's Compensation Act are: *Macon County Coal Co.* v. *Industrial Com.* 367 Ill. 458; *Kensington Steel Corp.* v. *Industrial Com.* 385 Ill. 504; *Connor Co.* v. *Industrial Com.* 374 Ill. 105; *Western Cartridge Co.* v. *Industrial Com.* 383 Ill. 231;

*Lagomarcino-Grupe Co.* v. *Industrial Com.* 383 Ill. 95; *Murrelle* v. *Industrial Com.* 382 Ill. 128; *Chicago & West Towns Railways, Inc.* v. *Industrial Com.* 381 Ill. 257; *Swift & Co.* v. *Industrial Com.* 381 Ill. 77; *Florczak* v. *Industrial Com.* 381 Ill. 120; *Rosenfield* v. *Industrial Com.* 374 Ill. 176; *Crane Co.* v. *Industrial Com.* 378 Ill. 190. We have followed the same rule in cases arising under the Occupational Diseases Act. *Rodriguez* v. *Industrial Com.* 371 Ill. 590; *Liberty Foundries Co.* v. *Industrial Com.* 373 Ill. 146; *Garbowicz* v. *Industrial Com.* 373 Ill. 268; *Hansell-Elcock Co.* v. *Industrial Com.* 376 Ill. 151; *National Malleable and Steel Castings Co.* v. *Industrial Com.* 377 Ill. 169.

In *Macon County Coal Co.* v. *Industrial Com.* 367 Ill. 458, where there was an admission of part liability, the court held it was palpable error to overrule the commission on questions of fact. In *Rodriguez* v. *Industrial Com.* 371 Ill. 590, in commenting upon the similarity between the provisions of the Workmen's Compensation Act and the Workmen's Occupational Diseases Act, we held that the finding of the commission under the latter was conclusive, unless against the manifest weight of the evidence.

The principal argument of defendant in error for affirming the decision of the court lies in its contention that the weight of the expert testimony lies on its side of the case. It is true more experts testified in the employer's behalf than for plaintiff in error, but we have held this is not controlling, and if this were the deciding factor a contest as to who could produce the greater number of expert witnesses expressing a favorable opinion would soon develop, which is not the test of where the weight of the evidence lies. *Buda Co.* v. *Industrial Com.* 377 Ill. 215.

It is unnecessary for us to go into the details of the testimony. There was ample evidence to sustain the arbitrator, and more to sustain plaintiff in error upon the

hearing before the commission. Under the above decisions it was improper for the trial court to overrule the findings of fact of the Industrial Commission, as we cannot say its findings were manifestly against the weight of the evidence.

The judgment of the superior court of Cook county is reversed and the cause remanded, with directions to reinstate the findings and decision of the Industrial Commission.

*Reversed and remanded, with directions.*