(No. 4153

Eli Aeschleman, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed July 8, 1949.*

Harold A. Butters, Attorney for Claimant.

Ivan A. Elliott, Attorney General; William J. Colohan, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Eli Aeschleman, seeks to recover under the provisions of the Workmen's Compensation Act for the loss of his right thumb as a result of an accident arising out of and in the course of his employment in the Department of Public Works and Buildings, Division of Parks and Memorials.

On May 14, 1948, claimant, employed by respondent as a maintenance man, was mowing the lawn at Buffalo Rock State Park, LaSalle County, Illinois. Upon his return from lunch, he cranked the motor of the power lawnmower he was using in the course of his regular duties and to avoid flooding the carburetor of the engine, rushed around the machine to make the proper adjustment. In his haste, claimant's thumb accidentally came in contact with the revolving motor fan blades and his thumb was traumatically severed resulting in the loss of the first distal phalange and approximately three-fourths of the next proximal phalange.

Immediate notice of the accident was given, and respondent has furnished and paid all of the medical and hospital expenses resulting from claimant's injury.

No question has been raised by respondent as to the compliance by claimant with all the jurisdictional requirements of the Workmen's Compensation Act, and from the record in this case all such requirements have apparently been complied with.

At the time of the accident, claimant was sixty-five years of age, and had no children under the age of sixteen years, and the earnings of claimant during the year immediately preceding his injury amounted to $2,536.00.

Claimant in his complaint erroneously set forth the

sections of the Workmen's Compensation Act under which he deemed himself entitled to an award, but Commissioner Young has recommended to the Court that this apparent oversight on the part of claimant be disregarded. Furthermore, claimant in his brief filed herein, has referred to the correct sections of the Workmen's Compensation Act. Therefore, this Court feels that to rest on such a technicality would not be in keeping with the liberalities allowed litigants in modern practice.

The liability for injuries to fingers has been but little passed upon by the courts in Illinois. In *McMorran & Co. v. Ind. Com.,* 290 Ill. 569, it was held that the loss of one-sixteenth of an inch off the end of the bone is not a loss of the first phalange. This Court in *Sieloff* v. *State,* 9 C.C.R. 494, held that a loss of three-sixteenths of an inch of the first phalange was not the loss of such phalange. However, in *Macon County Coal Co.* v. *Ind. Com.,* 367 Ill. 458, the court held that the loss of three-eighths of an inch of the first phalange was the loss of such phalange. In Angerstein, "The Employer and The Workmen's Compensation Act of Illinois" Section 304, the writer expresses the view that the loss of more than a third of the phalange would be considered the loss of such phalange. See also 18 A.L.R. 1354-1358.

In view of the above authorities, we hold that claimant has lost his entire thumb and that his injury is specifically covered by Section 8 (e)(1)(7) of the Workmen's Compensation Act which directs that a loss of more than one phalange be considered as the loss of an entire thumb. An award in favor of claimant is therefore manifest.

Margaret Mohler, Ottawa, Illinois, was employed to take and transcribe the evidence before Commissioner Young. Charges in the amount of $10.00 were incurred

for such services, and the same is fair, reasonable and customary.

An award is entered in favor of Margaret Mohler in the amount of $10.00, payable forthwith.

An award is entered in favor of claimant, Eli Aeschleman, in the amount of $1,365.00, being at the rate of $19.50 per week for seventy weeks, to be paid to him as follows:

$1,170.00, which has accrued and is payable forthwith;
195.00, which is payable in weekly installments of $19.50 a week, beginning on the 15th day of July, 1949, for a period of 10 weeks.

This award is subject to the approval of the Governor, as provided in Section 3 ''An Act concerning the payments of compensation awarded to State employees.''